A89A0228. PICKENS COUNTY BOARD OF TAX ASSESSORS et al. v. ATLANTA BAPTIST ASSOCIATION, INC.

(381 SE2d 419)

BANKE, Presiding Judge.

The Pickens County Board of Tax Assessors assessed ad valorem property taxes on 640 acres of land in Pickens County owned by the Atlanta Baptist Association, Inc. The Association appealed to superior court, contending that the property is exempt from such taxation pursuant to OCGA § 48-5-41 (a) (2) because it is used as a "place of religious worship." The trial court granted summary judgment to the Association, and the Board of Tax Assessors filed the present appeal to this court, contending that there was evidence that the property, particularly the undeveloped portion, is maintained and operated primarily as an income generating recreational facility.

The property is known as the Burnt Mountain Baptist Assembly. In support of its motion for summary judgment, the Association introduced the deposition of the director of the Assembly, who described the various improvements located on the property, including worship facilities, a dining hall, cabins, indoor and outdoor meeting spaces, a swimming pool and ball fields. He stated that approximately one-third of the total acreage is unimproved and is used for nature walks, outdoor Bible study and meditation. The improvements were constructed by the Association with contributions from its associate churches. While user fees are charged for the use of the facility, they are insufficient to cover all of the operating expenses, and the deficiency is made up by subsidies provided by the Association. The facility is used exclusively by adult and youth church groups of various denominations. The Association requires that each group conduct a religious program during its stay, and the director previews each program to ensure that the scheduled events include "worship and knowledge of God, Bible study and prayer." He also monitors the activities of the visiting groups to ensure that the religious aspect of their programs is followed. There is no question, however, that secular

activities, such as softball and swimming, normally are also incorporated into the programs. *Held*:

As a general rule, statutes exempting property from taxation are to be strictly construed in favor of taxation, "but this rule must not be pushed to unreasonableness." *Church of God &c. Assembly v. City of Dalton*, 213 Ga. 76, 78 (97 SE2d 132) (1957). In *Leggett v. Macon Baptist Assn.*, 232 Ga. 27, 30 (205 SE2d 197) (1974), our Supreme Court, in determining whether property qualified for an exemption under the predecessor to OCGA § 48-5-41 (a) (2), stated that "the words 'religious worship' import a concept of a congregation assembling in a place open to the public to honor the Deity through reverence and homage." Subsequently, in *Roberts v. Ravenwood Church of WICCA*, 249 Ga. 348, 351 (292 SE2d 657) (1982), the Court held that a determination as to whether property qualifies for tax exemption as a place of religious worship is to be made on the basis of the primary use of the property.

In *Roberts v. Atlanta Baptist Assn.*, 240 Ga. 503 (241 SE2d 224) (1978), the Court addressed the issue of whether property used as a facility for religious retreats qualified for an exemption under the statute. There, the taxing authority had not sought to tax the improved portion of the property but only the contiguous, undeveloped land. After examining the evidence concerning the purpose of the facility and the activities conducted on the premises, the Court concluded that all of the essential elements of "religious worship" had been shown to exist with reference to the undeveloped land as well as the developed land, stating: "[I]f the *presence* of the omnipotent and omnipresent God cannot be restricted to a mere man made edifice, surely it was not intended to limit the *worship* of such a God to a building." Id. at 508.

In the case before us, as in *Roberts*, the evidence establishes without dispute that religious activities are an integral part of every aspect of the use of the property. Although the recreational facilities which are provided to visitors are secular in nature, their use was shown to be intimately connected and intertwined with the religious activities to which the property is primarily dedicated. The fact that visitors are charged fees which are applied towards the operating expenses of the facility does not alter its fundamentally religious character. Accord *Roberts v. Ravenwood Church of WICCA*, supra, 249 Ga at 353. In light of the foregoing authorities, and on the basis of the uncontroverted evidence in the present case, we hold that the trial court did not err in concluding as a matter of law that the property was exempt from taxation as a place of religious worship.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 5, 1989.

*Richard Thurman, Elliott R. Baker, Mary D. Baker*, for appellants.

*Perry O. Lemmons*, for appellee.