A91A1265. LUNDA CONSTRUCTION COMPANY v. CLAYTON COUNTY.
(410 SE2d 446)

BIRDSONG, Presiding Judge.

Lunda Construction Company filed suit for refund of ad valorem taxes paid to Clayton County in 1985 and 1986 on account of equipment it utilized in Clayton County for work on a state Department of Transportation project. Lunda contended that OCGA § 50-17-29 (e) exempts contractors from local ad valorem taxes incurred as a result of the contractor's performance of work on behalf of the state of Georgia. The trial court denied Lunda's motion for summary judgment and granted summary judgment to Clayton County on its cross-motion. *Held*:

OCGA § 50-17-29 (e) provides, in the first part: "No city, county, municipality, or other political subdivision of this state shall impose *any tax, assessment, levy, license fee, or other fee* upon any contractors or subcontractors as a condition to or result of the performance of a contract, work, or services by such contractors or subcontractors

in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state or any of its agencies, boards, bureaus, commissions, and authorities. . . ." (Emphasis supplied.)

There is no lack of clarity or ambiguity in this language. It plainly prohibits the imposition of *"any* tax, assessment, levy, license fee, or other fee" upon contractors "as a . . . result of the performance of a contract, work, or services . . . in connection with any project being constructed [etc.] for, or on behalf of, the state or any of its agencies. . . ." Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430). Confronted with such a plain and unambiguous statute, both the trial court and we are without authority to approve or disapprove, or even speculate upon, the legislature's purpose, policy or wisdom in enacting it. Appellee county proposes no reason why "ad valorem" tax is excluded by the strong and precise statutory language, particularly the prohibition against imposing (and not merely the exemption of) *"any* tax."

Appellee argues that ad valorem tax upon Lunda's property used in its work on a state construction project is authorized, because of the ambiguity created by the second portion of § 50-17-29 (e), which provides: "nor shall any city, county, municipality, or other political subdivision of this state include the contract price of or value of such contract, work, or services performed on such projects in computing the amount of any tax, assessment, levy, license fee, or other fee authorized to be imposed on any contractors or subcontractors." Appellee contends this language proves the legislature contemplated that a tax, including ad valorem tax, could be imposed upon such property. If the county's position were correct, the entire statute would be without meaning, because then *any and all* manner and means of tax could be imposed on property used in state projects, in clear contradiction to the first part of the statute.

There is no contradiction and no ambiguity created by this second part of the statute. That language means simply that if there is some *other* tax or fee "authorized to be imposed on any contractor or subcontractor," i.e., which is not on account of its work on a state project, the county cannot include the contract price of a state project as a basis for that other "authorized" tax.

The two sentences in the statute are therefore in harmony. Both evince the legislature's intent to prohibit a county or municipality from taxing any property used by a contractor on a state project, or from getting around that prohibition by including the contract price of a state project as a basis for any other kind of authorized tax or

fee. For example, if Lunda Construction Company had assets in the county which did not exist purely "as a condition to or the result of the performance" (id.) of a state construction project, a tax might be "authorized" for that interest, and the contract price of any state project could not be included in it.

The trial court erred in denying· summary judgment to Lunda Construction Company, and in granting judgment to appellee.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1991.

*Griffin, Cochrane, Marshall & Elger, W. Henry Parkman, Craig A. Courville,* for appellant.

*Foster & Foster, Larry A. Foster,* for appellee.

