A94A1062. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. COLLINS et al.
(448 SE2d 234)

BLACKBURN, Judge.

We granted the discretionary application of C. W. Matthews Contracting Company, Inc. ("Matthews"), to determine whether OCGA § 50-17-29 (e) prohibits the imposition of local option, Metropolitan Atlanta Rapid Transit Authority ("MARTA"), and special county sales taxes on contractors as a result of the performance of a contract, work, or services for the State of Georgia.

Matthews, a Georgia corporation engaged in highway and bridge construction, contracted with the Georgia Department of Transportation ("GDOT") for the construction of various highway projects from November 1, 1988, through November 20, 1991. During this period, Matthews paid over $350,000 in local option, MARTA, and special county sales taxes in connection with its performance of the GDOT contracts, and these local taxes were collected by Collins as commissioner of the State Department of Revenue ("the department"). See OCGA § 48-8-87.

On January 17, 1992, relying upon OCGA § 50-17-29 (e) and pursuant to OCGA § 48-2-35, Matthews filed written claims for refund of all taxes paid during the period of December 1, 1988, through November 30, 1991, and Collins denied these claims. Pursuant to OCGA § 48-2-35 (b) (4), Matthews commenced the instant action against Collins and the State Department of Revenue seeking a refund of the local taxes plus interest. Following a hearing on December 9, 1992, the trial court denied Matthews' motion for partial summary judgment and granted Collins and the department's cross-motion for summary judgment. The court concluded that the exemption contained in OCGA § 50-17-29 (e) does not apply to local option, MARTA, or special county sales taxes, and therefore Matthews was not entitled to summary judgment as a matter of law.

In *C. W. Matthews Contracting Co. v. Collins,* 210 Ga. App. 1 (435 SE2d 221) (1993), we dismissed Matthews' direct appeal based upon its failure to file an application for discretionary appeal as pro-

vided in OCGA § 5-6-35 (a) (1). When the case was returned to the trial court, Matthews moved to set aside the trial court's December 9, 1992, order, asserting that the trial court failed to properly notify the company of its decision on the motions as required under OCGA § 15-6-21 (c). On December 2, 1993, the trial court set aside its December 9, 1992, order and re-entered the order to provide Matthews with proper notice of its decision. The present appeal involves the trial court's December 2, 1993, order.

In three separate enumerations of error, Matthews asserts that the trial court erred in denying its motion for partial summary judgment, erred in granting Collins and the department's motion for summary judgment, and erred in finding that OCGA § 50-17-29 (e) does not apply to local option, MARTA, or special county sales taxes assessed against contractors performing work for the State of Georgia. We agree.

"OCGA § 50-17-29 (e) provides, in the first part: 'No city, county, municipality, or other political subdivision of this state shall impose *any tax, assessment, levy, license fee, or other fee* upon any contractors or subcontractors as a condition to or result of the performance of a contract, work, or services by such contractors or subcontractors in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state or any of its agencies, boards, bureaus, commissions, and authorities. . . .' There is no lack of clarity or ambiguity in this language. It plainly prohibits the imposition of '*any* tax, assessment, levy, license fee, or other fee' upon contractors 'as a . . . result of the performance of a contract, work, or services in connection with any project being constructed (etc.) for, or on behalf of, the state or any of its agencies. . . .'" (Punctuation omitted.) *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106, 107 (410 SE2d 446) (1991). In *Lunda Constr. Co.* at 107, we recognized the legislature's intent in enacting this statute "to prohibit a county or municipality from taxing any property used by a contractor on a state project. . . ."

Although Collins and the department assert that the statute is not applicable to local sales and use tax, relying upon Opinion 80-76 of the Attorney General of Georgia, published on June 23, 1980, "opinions of the Attorney General are not binding upon this court, even where applicable to the issues before us." *Williams v. State*, 162 Ga. App. 415, 418 (1) (291 SE2d 732) (1982). Moreover, the distinction espoused by the Attorney General in the opinion between taxes on person and property in comparison to taxes on transactions is not determinative in light of the clear language contained within the statute which specifically prohibits a city, county, municipality, or other political subdivision from imposing *any* tax upon a contractor as a result of the performance of work for the state or any of its agencies.

As we stated in *Lunda Constr. Co.*, supra, the language of OCGA § 50-17-29 (e) is plain and susceptible of but one natural and reasonable construction.

Based upon the language contained in OCGA § 50-17-29 (e) and our decision in *Lunda Constr. Co.*, supra, we conclude that the phrase "any tax" includes the local option, MARTA, and special county sales taxes which were assessed against Matthews on work performed in connection with its contracts with GDOT. Accordingly, the trial court erred in granting summary judgment in favor of Collins and the department and in denying partial summary judgment to Matthews in his action for a refund based upon the illegal assessment of taxes.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED AUGUST 29, 1994 —

*Schreeder, Wheeler & Flint, David H. Flint, Laura R. Champion*, for appellant.

*Michael J. Bowers, Attorney General, Daniel M. Formby, David A. Runnion, Senior Assistant Attorneys General*, for appellees.