A94A1438. COLLINS v. LUNDA CONSTRUCTION COMPANY.
(448 SE2d 236)

BLACKBURN, Judge.

We granted the interlocutory application of Marcus Collins, Sr., Georgia's Revenue Commissioner, for appellate review of the Superior Court of Fulton County's grant of appellee Lunda Construction Company's motion for partial summary judgment in this action for the refund of local taxes.

The record before us shows that Lunda Construction Company ("Lunda"), a Wisconsin highway construction contractor, performed construction work in Fulton County in 1984, 1985, 1986, and 1987, pursuant to construction contracts with the Georgia Department of Transportation ("GDOT"). It is undisputed that Lunda was not engaged in any other work in Fulton County and Lunda was only present in Fulton County because of its contracts with the State. On June 30, 1989, the Georgia Department of Revenue, on behalf of Fulton County, assessed Lunda with MARTA sales and use taxes and local

option taxes in the amount of $25,943.69 for the taxable period of May 1, 1984, through April 30, 1987, on account of equipment Lunda utilized in Fulton County for work on the GDOT projects, and assessed penalties and interest on these unpaid taxes. In December 1989, Lunda paid the assessed taxes, expressly reserving the right to later seek a refund.

When Fulton County failed to respond to Lunda's June 8, 1990, petition for a refund, Lunda commenced the instant action against Fulton County, asserting that OCGA § 50-17-29 (e) prohibited the assessment of MARTA and local taxes on the use of the equipment on the GDOT project. Pursuant to motions filed by Fulton County and Collins, the trial court dismissed Fulton County from the action and effectively substituted Collins for Fulton County as the proper party. Both parties subsequently moved for summary judgment.

Following a hearing, the trial court, relying upon this court's decision in *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106 (410 SE2d 446) (1991), found that Collins had illegally assessed taxes, interest, and penalties, against Lunda for its use of equipment on the GDOT projects in violation of OCGA § 50-17-29 (e), which specifically prohibits the assessment of "any" taxes on the performance of state contracts. The court concluded that Lunda was entitled to a refund as a matter of law because the phrase "any tax or assessment" contained in the statute included local sales and use taxes and MARTA taxes. We agree.

"OCGA § 50-17-29 (e) provides, in the first part: No city, county, municipality, or other political subdivision of this state shall impose *any tax, assessment, levy, license fee, or other fee* upon any contractors or subcontractors as a condition to or result of the performance of a contract, work, or services by such contractors or subcontractors in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state or any of its agencies, boards, bureaus, commissions, and authorities." (Punctuation omitted.) *Lunda*, supra at 106-107. "There is no lack of clarity or ambiguity in this language." Id. at 107. The statute plainly prohibits the imposition of *any* tax, assessment, levy, license fee, or other fee upon contractors based upon the performance of a contract, work, or services for a state agency. Id. Accordingly, we conclude that our decision in *Lunda Constr. Co.* is controlling, and Lunda was entitled to a refund as a matter of law. Consequently, the trial court did not err in granting Lunda's motion for partial summary judgment and denying Collins' motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED AUGUST 26, 1994 —

Michael J. Bowers, Attorney General, Daniel M. Formby, David A. Runnion, Senior Assistant Attorneys General, for appellant.

Griffin, Cochrane & Marshall, W. Henry Parkman, Craig A. Courville, for appellee.