A94A1614. GAINESVILLE ASPHALT, INC. v. HALL COUNTY.
(448 SE2d 721)

JOHNSON, Judge.

Gainesville Asphalt, Inc., produces asphalt for use in road construction. Gainesville's inventory and equipment is located in Hall County. Gainesville paid the county $20,084 in 1991 ad valorem taxes on its inventory and equipment. Gainesville asked the county for a partial refund of those taxes and the county denied the request. Gainesville filed the instant action against Hall County for a refund of $14,892, or 74 percent of the ad valorem taxes paid, claiming such a refund is due because Gainesville sold 74 percent of the asphalt it produced in 1991 to the Georgia Department of Transportation (DOT) and the Federal Aviation Authority (FAA). Both parties moved for summary judgment. The trial court granted the county's motion and denied Gainesville's motion. Gainesville appeals.

1. Gainesville contends under OCGA § 50-17-29 (e) it is entitled to a refund based on the asphalt it sold to the DOT. OCGA § 50-17-29 (e) provides in pertinent part: "No . . . county . . . shall impose any tax . . . upon any contractors or subcontractors as a condition to or

result of the performance of a contract, work, or services by such contractors or subcontractors in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state or any of its agencies, boards, bureaus, commissions, and authorities." Because this statute provides an exemption from taxation, it must be strictly construed in favor of taxation. See *Collins v. City of Dalton*, 261 Ga. 584, 585-586 (4) (a) (408 SE2d 106) (1991); *Pickens County Bd. of Tax Assessors v. Atlanta Bapt. Assn.*, 191 Ga. App. 260, 261 (381 SE2d 419) (1989). "Where a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citations and punctuation omitted.) *Pier 1 Imports v. Chatham County Bd. of Tax Assessors*, 199 Ga. App. 294, 296 (1) (404 SE2d 637) (1991).

Strictly construing the plain terms of OCGA § 50-17-29 (e) in favor of taxation, we conclude it prohibits a county from imposing any tax on a contractor *as a condition to or result of* the performance of work in connection with a state project. Hall County did not impose the ad valorem taxes in this case as a condition to or result of Gainesville's production of asphalt sold to the DOT; rather, Hall County taxed Gainesville's personal property solely because it is located in that county. "OCGA § 48-5-3 provides that all personal property shall be taxed except as otherwise provided by law." *Clayton County Bd. of Tax Assessors v. King*, 260 Ga. 495 (397 SE2d 293) (1990). "The situs of personal property . . . for tax purposes is normally the county and state where the owner resides. Property used in connection with a trade or business acquires a tax situs where it is more or less permanently situated, i.e., where the business is located." (Citations omitted.) *Roberts v. Chancellor Fleet Corp.*, 182 Ga. App. 69, 71 (2) (354 SE2d 628) (1987); OCGA § 48-5-11 (2). Accordingly, Hall County's taxation of Gainesville's personal property, which is permanently situated in the county, was appropriate.

Contrary to Gainesville's claim, the instant case is distinguishable from *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106 (410 SE2d 446) (1991), in which this court held under OCGA § 50-17-29 (e) a contractor's equipment located in Clayton County was exempt from local ad valorem taxation. A review of the opinion and the record in *Lunda* reveals the contractor did not reside permanently in Clayton County and its equipment was located there solely for work on a DOT project. Because the contractor's equipment would not have been located in Clayton County but for the state project, the county's imposition of taxes on the equipment was an improper condition to or result of the performance of work for the state. In the instant case, however, Gainesville's inventory and equipment are permanently located in Hall County and are not situated there purely for

use on state projects. The mere fact that Gainesville uses its personal property, in part, to produce asphalt sold to the DOT does not exempt the property from ad valorem taxation by the county where it is permanently situated.

"[O]n motions for summary judgment by either party, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Citations and punctuation omitted.) *Douglas County v. Anneewakee*, 179 Ga. App. 270, 274 (2) (346 SE2d 368) (1986). Because there is no genuine issue of material fact that Hall County did not tax Gainesville's inventory and equipment solely as a condition to or result of the performance of work on behalf of the state, the trial court properly granted summary judgment to the county and denied summary judgment to Gainesville on its claim for a refund based on work it did for the DOT. Compare *C. W. Matthews Contracting Co. v. Collins*, 214 Ga. App. 532 (448 SE2d 234) (1994).

2. Gainesville claims it is entitled to a tax refund based on the asphalt sold to the FAA pursuant to the doctrine of intergovernmental tax immunity. Gainesville contends that doctrine bars local taxes that discriminate against the federal government and therefore, if Hall County is prohibited by OCGA § 50-17-29 (e) from taxing Gainesville's equipment used in state projects, it is also prohibited from taxing equipment used in federal projects. Because of our decision in Division 1 that Hall County's imposition of taxes in this case is not barred by OCGA § 50-17-29 (e), this contention is moot.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 26, 1994 —
RECONSIDERATION DENIED SEPTEMBER 20, 1994 —

Carey, Jarrard & Walker, R. Thomas Jarrard, Christopher J. Walker III, for appellant.

Stewart, Melvin & House, William H. Blalock, Jr., Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., for appellee.

Smith, Currie & Hancock, Robert B. Ansley, Jr., Robert C. Chambers, amici curiae.