A94A2634. GWINNETT COUNTY BOARD OF TAX ASSESSORS
v. APAC-GEORGIA, INC.
(451 SE2d 798)

BLACKBURN, Judge.

This appeal is from the trial court's order entered against the appellant Gwinnett County Board of Tax Assessors[1] (Board of Tax Assessors). The trial court affirmed the decision of the Gwinnett County Board of Equalization granting the appellee, APAC-GEORGIA, Inc. (APAC-GEORGIA), an exemption on its 1993 personal property tax return pursuant to OCGA § 50-17-29 (e).[2]

APAC-GEORGIA is a highway construction contractor with corporate offices in Cobb and Fulton counties. In 1988, it moved certain machinery and equipment to a company property in Gwinnett County known as the Norcross Asphalt Facility in order to facilitate the delivery of asphalt to its regional state road construction projects. In tax year 1993, 37.55 percent of the asphalt produced at the property was used on APAC-GEORGIA state road projects. As a result, APAC-GEORGIA claimed entitlement to an exemption from the Gwinnett County ad valorem property tax in the amount of 37.55 percent of the assessed value of its asphalt production machinery and equipment.

OCGA § 50-17-29 (e) pertinently provides: "No city, county, municipality, or other political subdivision of this state shall impose any tax, assessment, levy, license fee, or other fee upon any contractors or subcontractors as a condition to or as a result of the performance of a contract, work, or services by such contractors or subcontractors in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state or any of its agencies, boards, bureaus, commissions, and authorities." We

---

[1] The trial court denied the County Board of Tax Assessors' cross-motion for summary judgment and granted APAC-GEORGIA's motion for summary judgment.

[2] In granting APAC-GEORGIA the exemption, the Board of Equalization overruled the Gwinnett County Board of Tax Assessors' decision denying it.

have held that "[t]here is no lack of clarity or ambiguity in this language. It plainly prohibits the imposition of '*any* tax, assessment, levy, license fee, or other fee' upon contractors 'as a . . . result of the performance of a contract, work, or services . . . in connection with any project being constructed (etc.) for, or on behalf of, the state or any of its agencies.' " *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106, 107 (410 SE2d 446) (1991). See also *Collins v. Lunda Constr. Co.*, 214 Ga. App. 512, 513 (448 SE2d 236) (1994). Moreover, in *Lunda Constr. Co. v. Clayton County*, we recognized that a tax, not inclusive of the contract price of a state construction project, might be imposed upon property in a county to the extent that it was not present " 'as a condition to or the result of the performance' [OCGA § 50-17-29 (e)] of a state construction project." Id. at 108.

The Board of Tax Assessors contends that the trial court erred in exempting APAC-GEORGIA from Gwinnett County's ad valorem property tax because APAC-GEORGIA failed to establish that its property was directly and exclusively used in the performance of State road construction projects. In this regard, the Board argues that our decision in *Gainesville Asphalt v. Hall County*, 214 Ga. App. 679 (448 SE2d 721) (1994), mandates that the taxpayer establish that its property was exclusively used in the performance of state contracts to qualify for the exemption. The Board also argues the religious and charitable exemption statute, OCGA § 48-5-41 and precedent interpreting it, for the proposition that the property tax exemption should be disallowed unless the property was exclusively used in state projects. Finally, it argues that the exemption cannot be apportioned pro rata because of the "exclusive use" requirement.

In *Lunda Constr. Co. v. Clayton County*, we specifically contemplated potential tax liability for property uses not associated with the performance of state contracts. Id. at 108. In doing so, we rejected a requirement for exclusive or primary use and recognized a tax exemption for contractor property used "as a condition to or the result of the performance of" state projects to the degree so used. Id. Authority to apportion tax liability pro rata in consonance therewith was implied. Lastly, in deciding *Gainesville Asphalt*, we distinguished *Lunda Constr. Co. v. Clayton County* in that the contractor's property would not have been in Clayton County "but for the state project" and the contractor was a non-resident. *Gainesville Asphalt*, supra. The instant case is distinguishable from *Gainesville Asphalt* in the same sense.

The extent to which APAC-GEORGIA's machinery and equipment were used in state projects in tax year 1993 is undisputed in the record. Likewise, it is undisputed below that APAC-GEORGIA was not a resident of Gwinnett County, and that it would not have located its property in Gwinnett County, nor continued to locate it there, but

for state projects. Accordingly, the ad valorem tax exemption pursuant to OCGA § 50-17-29 (e) was properly granted below.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*Caryl B. Sumner, John E. Underwood, Sr., Frederick D. Burkey, Karen G. Thomas,* for appellant.

*Scoggins, Ivy & Goodman, Charles H. Ivy, William R. Buzo,* for appellee.