A97A1893. APAC-GEORGIA, INC. v. RICHMOND COUNTY BOARD OF TAX ASSESSORS et al.
(496 SE2d 488)

Judge Harold R. Banke.

APAC-Georgia, Inc. ("APAC") d/b/a Southern Roadbuilders appeals the trial court's order granting summary judgment to the Richmond County Board of Tax Assessors ("the Board") and Richmond County and denying APAC's motion for summary judgment. APAC enumerates four errors, each challenging the trial court's denial of an ad valorem tax exemption for that part of APAC's

machinery and equipment located in Richmond County for use on State highway projects.

Southern Roadbuilders is the Augusta division of APAC, a paving contractor with its headquarters and administrative offices in Cobb and DeKalb Counties. APAC's predecessor bought the Augusta facility, which produces asphalt, in the late 1960's. In the intervening years, APAC made significant improvements to the plant in order to receive certification as a State approved asphalt facility.

Over the years, APAC's Augusta division has performed a number of paving jobs for the State, although the majority of its business is on non-State contracts. In 1993, APAC applied for exemptions from the county ad valorem tax personal property assessment for the tax years 1990 to 1993 for the portion of its equipment used by Southern Roadbuilders on State projects.[1] In reviewing the denial of this application, the trial court determined that because APAC's equipment was permanently situated within the taxing jurisdiction and was not so located solely for State projects, the exemption did not apply. APAC claims an entitlement to the exemption because it does not reside in Richmond County and its improvements in effect constituted the construction of a new plant which would not have been built but for State projects. *Held*:

1. APAC premised its application for a tax exemption on OCGA § 50-17-29 (e), which prohibits counties from taxing contractors "as a condition to or result of the performance of a contract, work, or services by such contractors" in connection with any work done for the State.[2] We have interpreted the effect of OCGA § 50-17-29 (e) on several occasions. Most recently, we specifically recognized that APAC, a non-resident of the taxing county performing a percentage of its work for the State, qualified for a pro rata exemption on property not used exclusively on State projects. *Gwinnett County Bd. of Tax Assessors v. APAC-Georgia*, 215 Ga. App. 609, 610 (451 SE2d 798) (1994).

As in *Gwinnett County &c. v. APAC-Georgia*, this case cannot be resolved without reference to *Gainesville Asphalt v. Hall County*, 214 Ga. App. 679, 680 (1) (448 SE2d 721) (1994). There, we upheld the denial of the exemption to an asphalt company because its business, including its equipment and inventory, was permanently located in

---

[1] During those respective years, Southern Roadbuilders used the machinery at issue on State projects 42.63 percent, 44.5 percent, 27.84 percent, and 12.31 percent of the time.

[2] OCGA § 50-17-29 (e) (1) states in pertinent part:
"Except as otherwise provided in paragraph (2) of this subsection, no city, county, municipality, or other political subdivision of this state shall impose any tax, assessment, levy, license fee, or other fee upon any contractors or subcontractors as a condition to or result of the performance of a contract, work, or services by such contractors or subcontractors in connection with any project being constructed, repaired, remodeled, enlarged, serviced, or destroyed for, or on behalf of, the state. . . ."

the taxing county. *Gainesville Asphalt*, 214 Ga. App. at 680-681 (1). In *Gwinnett County &c. v. APAC-Georgia*, we distinguished *Gainesville Asphalt* from other cases reaching contrary results based on that company's undisputed permanent resident status and the fact that the availability of State projects was not a determinative factor in its choice of locations.[3] *Gwinnett County v. APAC-Georgia*, 215 Ga. App. at 610; compare *Lunda Constr. Co. v. Clayton County*, 201 Ga. App. 106, 107-108 (410 SE2d 446) (1991). Moreover, the taxes in *Gainesville Asphalt* were not imposed as the result of the performance of a State contract. *Gainesville Asphalt*, 214 Ga. App. at 680 (1).

The record here shows that APAC would not long remain in the County absent the State projects. See *Gwinnett County v. APAC-Georgia*, 215 Ga. App. at 610 (finding that APAC was not a Gwinnett County resident despite the presence of its Norcross Asphalt Facility there). APAC's Richmond County plant, which was expanded to accommodate State work requirements, is simply bolted to a frame and is portable. Furthermore, as noted, the availability of State work is a determinative factor in APAC's choice of locations. Under these circumstances, we find that the tax, imposed solely due to APAC's presence in the taxing county, contravened OCGA § 50-17-29 (e)'s stricture against county taxation of contractors as a result of work performed on the State's behalf.

Notwithstanding Richmond County's arguments to the contrary, nothing in OCGA § 50-17-29 (e) or the cases construing it requires that the equipment at issue must be used solely on State projects. Id. Nor have we found any requirements that proximity to State work be the sole reason for moving to the taxing county or that the majority of work be performed for the State. Under these circumstances, the decision to grant summary judgment to Richmond County was improper. We remand for entry of judgment on APAC's behalf.

2. In light of this finding, we need not reach the remaining enumerations.

*Judgment reversed and case remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 13, 1998 ▮

*William R. Buzo, Charles H. Ivy,* for appellant.

---

[3] Nor is there any evidence that the Gainesville plant was part of another entity.

*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Lori S. D'Alessio*, for appellees.