**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 12, 2013**

# In the Court of Appeals of Georgia

A12A2321. DeKALB COUNTY BOARD OF TAX ASSESSORS v. PRESBYTERY OF GREATER ATLANTA, INC.

BOGGS, Judge.

The trial court wrote an excellent, thorough, complete, and correct order in granting appellee's motion for summary judgment.[1] We adopt the trial court's order, set out below in full, verbatim, as our opinion in this case.[2]

FINAL ORDER

"Appellant's Motion for Summary Judgment and Appellee's cross Motion for Summary Judgment having come before the Court for hearing on May 9, 2012, after

---

[1] As it did below, the Board erroneously relies upon cases construing OCGA § 48-5-41 (a) (4), pertaining to "institutions of purely public charity." This case involves OCGA § 48-5-41 (a) (2.1) (A), "all places of religious worship," and the trial court correctly applied the relevant law.

[2] See *Kordares v. Gwinnett County*, 220 Ga. App. 848 (470 SE2d 479) (1996).

review of the record and hearing argument from the parties, the Court enters the following Order:

FINDINGS OF FACT

"Appellee is a Georgia non-profit corporation recognized as a bona fide tax exempt religious non-profit organization by the Internal Revenue Service. Appellee is the district-level governing body of the Presbyterian Church (U.S.A.) ('PCUSA'), a national religious denomination. In 2010, when the Midway Presbyterian Church became defunct, the Appellee took ownership of the Midway Presbyterian Church property ('Property') in accordance with the Constitution of the PCUSA. It is the tax exempt status of the Property that is at issue in this case.

"The tax parcel number of the Property is 15 199 17 003 and the Property is commonly referred to as 3363 Midway Road, Decatur, DeKalb County, Georgia. A portion of the property contains a cemetery, which the parties agree is tax exempt. It is the remainder of the Property that Appellant claims is not tax exempt.

"Upon assuming ownership of the Property, Appellee attempted to sell the Property but was unable to find a ready, willing and able buyer. Faced with the obligations of maintenance, upkeep and other expenses associated with ownership of the property, Appellee leased the Property to Kingdom Fellowship Christian Church,

2

Inc. ('Kingdom Fellowship') to defray the costs of ownership and to prevent the Property from sitting vacant. Kingdom Fellowship is recognized as a bona fide tax exempt religious non-profit corporation by the Internal Revenue Service. Kingdom Fellowship uses the Property as a place of religious worship. All other use of the Property by Kingdom Fellowship, such as religious instruction classes, meetings related to church business, and community outreach for the church, is all integral to the use of the Property as a place of religious worship.

"Under the lease agreement between Appellee and Kingdom Fellowship, the monthly rent payable by Kingdom Fellowship was $1,000.00 per month for the year 2011. The 2011 market rental rate for the Property was approximately $5,000.00 per month, exclusive of utilities and costs. Appellee does not realize a profit from the lease of the Property to Kingdom Fellowship.

"In 2011, Appellant withdrew the ad valorem tax exemption that had previously been granted on the Property. Appellee challenged the withdrawal of the exemption and the Board of Equalization found in favor of Appellee, concluding that the Property in its entirety is tax exempt. Appellant appealed the Board of Equalization decision to this Court.

CONCLUSIONS OF LAW

"The issue in this case is whether the non-cemetery portion of the Property qualifies for a tax exemption. O.C.G.A. § 48-5-4 l (a) (2.1) (A) provides that 'all places of religious worship' shall be exempt from all ad valorem Property taxes. It is undisputed that the Property is a place of religious worship, thus, the Property must be tax exempt unless some other provision of law specifically removes the Property from the tax exemption. Appellant argues that the Property is not tax exempt because the owner, Appellee, does not personally use the Property for religious worship; however, this Court finds no statutory requirement that the owner be the user of the property when dealing with a 'place of religious worship' tax exemption.

"It is the use of the property that governs the analysis of religious worship tax exemptions. The Georgia Court of Appeals resolved this issue in favor of granting the exemption in a case with facts that are materially indistinguishable from the facts of the case under consideration. In *Pickens County Bd. of Tax Assessors v. Atlanta Baptist Assoc., Inc.*, 191 Ga. App. 260 [(381 SE2d 419)] (1989), the Atlanta Baptist Association owned property upon which the Association itself did not worship but it rented the property out to adult and youth church groups of various denominations each of which conducted a religious worship program during their stay on the

4

property. Focusing on the use of the property rather than the ownership of the property, the Court of Appeals concluded that the property was tax exempt as a matter of law under the religious worship exemption.

"Under O.C.G.A. § 48-5-41 (a) (2.1) (A) and *Pickens*, the Court concludes that the Property is tax exempt as a place of religious worship. This decision is consistent with the long-standing public policy of the State of Georgia to 'encourage and advance religion.' *The Trustees of the First Methodist Episcopal Church, South v. The City of Atlanta*, 76 Ga. 181, [191] (1886). The Court does not find merit in Appellant's argument that the Property is not entitled to tax exempt status because the Property is leased to another entity. O.C.G.A. § 48-5-41 (d) (1) provides that otherwise tax exempt property may become subject to taxation if it is rented, leased or otherwise used 'for the primary purpose of securing an income thereon. . .' The record reflects that no profit is realized from the lease to Kingdom Fellowship. (Kelly Aff. ¶9). This is not a case of a for-profit landlord leasing space to a church organization for profit. Rather, the uncontested facts show a religious non-profit corporation leasing the Property to another religious non-profit corporation at approximately 20% of the market rental rate without realizing a profit; thus, the Court

concludes the 'primary purpose' of the lease is not to secure an income on the property.

"Having decided that the Property is tax exempt under O.C.G.A. § 48-5-41 (a) (2.1) (A) and *Pickens*, the Court need not address Appellee's alternative theory of tax exemption under O.C.G.A. [§] 48-5-41 (a) (2.1) (B).

"Appellant's Motion for Summary Judgment is hereby DENIED. Appellee's cross Motion for Summary Judgment is hereby GRANTED. [Trial court order ends.]"

*Judgment affirmed. Doyle, P. J. and Andrews, P. J., concur.*