43782.   HAWES, Commissioner v. FOSTER.

PANNELL, Judge.   Paragraph (d) of Section 16 of the Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360, 378; *Code Ann.* § 92-3427a) provides that "[i]n the event any dealer  .  .  .  makes a grossly incorrect report, or a report that is false or fraudulent it shall be the duty of the Commissioner to make an estimate for the taxable period of retail sales of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this State and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, *which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.*"   The language of the statute making the assessment "prima facie correct" has, in effect, made the assessment prima facie evidence of its correctness.   See *Colonial Pipeline Co. v. Undercofler,* 115 Ga. App. 58 (153 SE2d 592); *Brosnan v. Undercofler,* 111 Ga. App. 95 (140 SE2d 517).   Where, therefore, upon an appeal from such assessment to the superior court, a motion for summary judgment was made by the Commissioner, which placed the burden upon the Commissioner to show there was no genuine issue as to any material fact, the Commissioner carried that burden when the assessment was produced, thus shifting to the taxpayer the burden of showing that there was an issue.   *Montgomery v. Pickle,* 108 Ga. App. 272 (3) (132 SE2d 818).   Where, as here, the taxpayer failed to do so, the trial judge erred in not granting the Commissioner's motion for summary judgment.

*Judgment reversed.  Jordan, P. J., and Deen, J., concur.*

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 3, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General, Joel M. Feldman, Deputy Assistant Attorney General,* for appellant.

Randolph Foster, *pro se.*