## 45336. BAILES OLDSMOBILE, INC. v. HAWES, Commissioner.

BELL, Chief Judge. This controversy arises over a sales tax assessment with penalty and interest made by the State Revenue Commissioner on automobiles acquired by appellant, an automobile dealer, for retail sale and set aside as "demonstrators." The appellant appealed to the superior court. The lower court granted appellee's motion for summary judgment, denied appellant's, and certified the denial to this court for direct review.

The material facts are not disputed. The president of appellant corporation testified at his deposition that demonstrators, while held for sale at all times, are assigned to himself, his wife and to salesmen. The president also testified that the demonstrator assigned to himself was used for personal purposes; that the automobile assigned to his wife was kept at their home; that sales personnel take their assigned demonstrators away from the appellant's place of business when not at work; that any use of the vehicle within the sales territory would be a business use. By way of stipulation, it was also shown that all the vehicles in question were held by appellant for more than six months; and that one was furnished to a local school.

Section 8 of the Sales and Use Tax Act (*Code Ann.* § 92-3410a),

Ga. L. 1951, pp. 360, 371 provides: "If a purchaser . . . makes any use of the property other than retention, demonstration, or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale by the purchaser as of the time the property is first used by him, and the cost of the property to him shall be deemed the gross receipts from such retail sale." The State Revenue Commissioner under his statutory rule-making authority (*Code Ann.* § 92-3438a) promulgated in connection with this statute the following: "When a dealer sets aside a car as a demonstrator, the tax does not apply unless the car is used for more than six months. If used for more than six months, the tax will apply." Official Compilation, Rules and Regulations of the State of Georgia, Revenue Regulation § 560-12-2.9 (5). Applying the statutory provision and the regulation to the undisputed facts, the assessment was correctly made. The evidence shows that the vehicles were all used for more than six months and for purposes unconnected with retention, demonstration, or display to prospective buyers. We find no merit in appellant's argument that Section 8 of the Act was impliedly repealed by the 1960 amendments to the Act, Ga. L. 1960, p. 153, or if not impliedly repealed the above quoted rule is void as being inconsistent with the Act. Repeal by implication is not favored by the law and results only where the later Act is so repugnant to the former and so inconsistent with it that the two cannot stand together, or where it is manifestly intended to cover the same subject matter and to operate as a substitute for it. The intention to repeal must be plain and unmistakable. *Geeslin v. Opie,* 220 Ga. 53, 56 (136 SE2d 720). We see no repugnancy or inconsistency between the two Acts nor a plain and unmistakeable legislative intent to repeal. To the contrary, the General Assembly amended Section 8 in 1968 by adding a paragraph. See Ga. L. 1968, pp. 496, 497. Further, the regulation is not inconsistent with the Sales and Use Tax Act. This rule creates nothing more than a rebuttable presumption. If used as a demonstrator for less than six months, it may be presumed that the dealer made no other use than retention, demonstration or display, but when held for more than six months the converse is true. In any event, the appellant has

the burden to rebut the prima facie correctness of the assessment and in this instance it has failed to raise an issue of fact. *Colonial Pipeline Co. v. Undercofler,* 115 Ga. App. 58 (153 SE2d 592); *Hawes v. Foster,* 118 Ga. App. 296 (163 SE2d 351). The appellee was entitled to judgment as a matter of law.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED MAY 4, 1970—DECIDED JULY 16, 1970—

REHEARING DENIED JULY 31, 1970—

*Lee & Hitchcock, Sara L. Hitchcock,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Assistant Attorney General, Timothy J. Sweeney, Deputy Assistant Attorney General,* for appellee.