36109. LAW LINCOLN MERCURY, INC. v. STRICKLAND.

BOWLES, Justice.

Appellant Law Lincoln Mercury, Inc. is an automobile dealership in Gainesville, Georgia. During the period between January 1, 1976 and October 31, 1978, six automobiles from appellant's inventory were used by the president of Law Lincoln Mercury, its salesmen and their wives as "demonstrator" cars. According to the record each of these six cars was driven throughout the community for advertisement and display so that, hopefully, members of the public would purchase them. "Demonstrator" cars driven by employees of appellant were used for transportation to and from work and to attend civic and community functions. The wives of employees used the "demonstrator" cars "to go to and from town and that sort of thing." In each case the person using the car kept it at his home at night and had it available for his personal use. One automobile was loaned by appellant to Brenau Junior College as an "educational demonstrator." In each instance the cars were used as "demonstrators" in excess of six months.

In February 1979 the State Revenue Commission, pursuant to the Sales and Use Tax Act (Code Ann. § 92-3410a (a)), assessed a sales and use tax on the seven "demonstrator" automobiles held by appellant. Appellant appealed the assessment to the Superior Court

of Hall County. The trial court granted the State Revenue Commission's motion for summary judgment and Law Lincoln Mercury brings this appeal. We affirm.

I. Appellant first argues that the trial court erred in granting appellee's motion for summary judgment as there is a question of fact as to whether the "demonstrators" were used for purposes other than demonstration or display.

Code Ann. § 92-3410a (a) provides in pertinent part: "If a purchaser who gives a certificate makes *any use* of the property other than retention, demonstration or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale by the purchaser as of the time the property is first used by him." (Emphasis supplied.)

Pursuant to his rule-making authority under Code Ann. § 92-3438a, the State Revenue Commissioner enacted the following regulation in connection with Code Ann. § 92-3410a. "When a dealer sets aside a car as a demonstrator, the tax does not apply unless the car is used for more than six months. If used for more than six months, the tax will apply." Official Compilation, Rules and Regulations of the State of Georgia, Revenue Regulation § 560-12-2.9 (5).

In *Bailes Oldsmobile Inc. v. Hawes,* 122 Ga. App. 395 (117 SE2d 170) (1970) the Court of Appeals examined these two provisions in light of facts almost identical to those in the case before us. In *Bailes* the demonstrator cars were used by the president of the automobile dealership corporation, sales personnel and their wives for private as well as business-related purposes. One automobile was furnished to a local school for its use. All automobiles in question were used as demonstrators for more than six months. Sales and use taxes were assessed on each of the demonstrators by the State Revenue Commissioner. The Court of Appeals concluded that under Regulation § 560-12-2.9 (5) a rebuttable presumption arises that automobiles held in excess of six months are not being used solely for retention, demonstration or display. The Court of Appeals found that summary judgment for the State Revenue Commission was properly granted as appellants had failed to show an existing issue of fact.

Likewise the presumption arises in this case that appellant, having used the cars as "demonstrators" for more than six months, has not used them solely for the purposes of retention, demonstration or display. Rather than producing facts which would rebut this presumption, appellant has merely brought forth facts which are consistent with it. It is clear that each of the cars in question was used for both personal and business purposes. Appellant may not be

permitted to escape tax liability by simply denominating personal uses of the automobiles as "displays" to the community.

Therefore the trial court did not err in granting appellee's motion for summary judgment. See *Hawes v. Foster,* 118 Ga. App. 296 (163 SE2d 351) (1968).

II. Appellant next contends that even if Law Lincoln Mercury used the cars in question for purposes other than demonstration or display, such use, "if made, was so insignificant . . . it should not taint an otherwise tax-free use." This argument is without merit.

The statute permits a retail seller to use the property he sells in the regular course of his business without incurring tax liability. No exemption is permitted for personal uses of the property. On the contrary, as soon as the retail seller makes *any use* of the property other than demonstration or display in "the regular course of business," he is deemed to have purchased the property himself and will be taxed on it. Personal use of a demonstrator automobile for over six months is not a use which the statute will excuse.

III. Last appellant argues that if the assessment under Code Ann. § 92-3410a (a) is upheld, this will result in a duplication of sales and use taxes on appellant in violation of Code Ann. § 92-3402a (b). The latter provides that "[u]pon the first instance of use, consumption, distribution or storage within this State of tangible personal property purchased at retail outside the State, the owner or user thereof shall be a dealer hereunder and shall be liable for a tax at the rate of three per cent of the cost price or fair market value thereof, whichever is lesser: Provided, there shall be no duplication of the tax and subject to the credit hereinafter authorized for like taxes previously paid in another state."

Code Ann. § 92-3402a (b) imposes a tax on the Georgia purchaser who purchases personal property outside the state from an out-of-state seller who is not required to collect and remit a sales tax on the purchase to the State of Georgia. The prohibition against duplication of taxes prevents the imposition of an additional tax in the event that the out-of-state seller does collect and remit a sales tax to the State. The Sales and Use Tax Act "deals only with retail sales and with means to preclude avoidance of the tax by provisions for a use tax where enforcement directly against the retail sale is not practicable." *Undercofler v. Capital Auto. Co.,* 111 Ga. App. 709, 717 (143 SE2d 206) (1965).

The purpose of Code Ann. § 92-3402a (b) differs from that of § 92-3410a (a). Under the latter purchases made by a retail purchaser for resale are usually exempt where the retail purchaser gives a Certificate of Exemption. Not until the property is sold is the retail purchaser required to remit a sales tax on the purchase to the state.

However, as discussed above, when the retail purchaser "makes any use of the property other than retention, demonstration or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale by the purchaser . . ." The retail purchaser will then be taxed as though he had purchased the property. If he thereafter sells the property to a consuming purchaser a tax will again be applicable to that sale. These, however, are two distinct sales transactions and are independent taxable events. They are not violative of the prohibition against duplication of taxes under Code Ann. § 92-3402a (b). Code Ann. §§ 92-3402a (b) and 92-3410a (a) operate to tax sales made under different circumstances. Therefore, this argument is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1980 — DECIDED
SEPTEMBER 5, 1980.

*W. Woodrow Stewart,* for appellant.

*Arthur K. Bolton, Attorney General, Kathryn Allen, Staff Assistant Attorney General,* for appellee.