A94A0776. COLLINS v. C. W. MATTHEWS CONTRACTING
COMPANY, INC.
(444 SE2d 100)

ANDREWS, Judge.

In his capacity as Commissioner of the State Department of Revenue, Collins issued an assessment of local use taxes against C. W. Matthews Contracting Company, Inc. (Matthews), which appealed the assessment to the Cobb County Superior Court pursuant to OCGA § 48-2-59. Both Matthews and the Commissioner moved for summary judgment. The superior court granted summary judgment in favor of Matthews, denied the Commissioner's motion for summary judgment, and ordered that the tax assessment be cancelled and set aside. We granted the Commissioner's application for a discretionary appeal from the decision of the superior court reviewing the revenue department tax assessment. OCGA § 5-6-35 (a) (1); *Miles v. Collins*, 259 Ga. 536 (384 SE2d 630) (1989).

Matthews is a paving and construction company headquartered in Cobb County, which owns and operates construction equipment used in construction projects in various Georgia counties. The Commissioner conducted a tax audit of Matthews for tax years 1985 through 1987 and made an assessment of local use taxes (including

erroneously admitted, it was cumulative of other properly admitted testimony and provided no basis for reversal.

delinquent penalties and interest) in the sum of $57,172.33, claimed due on 75 items of construction equipment owned and used by Matthews. The Commissioner asserts that the equipment was subject to three types of local use taxes imposed by counties, other than the county where the item of equipment was purchased, for the first use of the equipment by Matthews in those counties. The three types of local use taxes at issue are: (1) joint county and municipal sales and use tax (OCGA §§ 48-8-80—48-8-95); (2) special county one percent sales and use tax (OCGA §§ 48-8-110—48-8-122), and (3) Metropolitan Atlanta Rapid Transit Authority (MARTA) Act of 1965 sales and use tax (Ga. L. 1971, pp. 2082-2083, as amended).

1. The Commissioner claims the trial court erroneously granted summary judgment in favor of Matthews. In granting summary judgment in favor of Matthews, and deciding that none of the assessed local use taxes were due, the superior court correctly noted that Matthews had paid the applicable state sales tax when the equipment at issue was purchased in-state and that no duplicate payment of state use tax was due on the equipment. See OCGA §§ 48-8-1—48-8-66 (state sales and use tax); *Law Lincoln Mercury v. Strickland*, 246 Ga. 237, 239-240 (271 SE2d 152) (1980). The superior court then concluded that, since no state use tax was due on the equipment, no local use tax could be imposed. In reaching this conclusion, the court focused on language contained in OCGA § 48-8-82 (and nearly identical language in OCGA § 48-8-110) providing that: "No item or transaction which is not subject to taxation [under the state sales and use tax] shall be subject to the tax levied pursuant to [the local use tax provisions]." The superior court reasoned that because no state use tax was due, and no such state sales or use tax was incurred by movement of equipment from the county where it was purchased to the other counties imposing local use taxes, then no local use tax could be imposed.

The logic of this interpretation stems from a narrow focus on the literal reading given by the superior court to selected portions of the local sales and use tax statutes. A broader view of the relationship between the state and local sales and use tax statutes clearly demonstrates that the legislature did not intend the result reached by the superior court. " 'General terms and expressions . . . in the statute providing for the collection of taxes, are never allowed their full literal import if the effect of such construction is to require that to be done which the law does not authorize. . . .' *Penick v. Foster*, 129 Ga. 217 (6) (58 SE 773, . . .). 'It is a familiar rule of construction, where a statute is susceptible of two interpretations, that it should be construed in harmony with the general policy of the law, rather than against it.' *Singleton v. Close*, 130 Ga. 716, 720 (61 SE 722). In all interpretations, the courts must look diligently for the intention of

the legislature. [OCGA § 1-3-1 (a).] 'While . . . statutes in pari materia may not be resorted to where the language of the statute under consideration is clear, it is equally as well settled that, where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part.' *Ryan v. Commissioners of Chatham County*, 203 Ga. 730, 732 (48 SE2d 86)." *Undercofler v. V. F. W. Post 4625*, 110 Ga. App. 711, 719-720 (139 SE2d 776) (1964) (Felton, C. J., concurring specially in construction of the sales and use tax act).

Under OCGA §§ 48-8-82 and 48-8-110, the local sales and use taxes imposed by those Code sections must "correspond [except as to rate] to the tax imposed by [the state sales and use tax]. . . ." The local MARTA sales and use tax contains a similar provision requiring that it correspond, except as to rate, to the state tax. Ga. L. 1980, pp. 3831, 3834-3835. By requiring that the local sales and use tax laws correspond, except as to rate, with the state sales and use tax enactments, the legislature incorporated by reference the general state taxing scheme into the local taxing provisions.

For example, under OCGA § 48-8-30 (c), the state sales and use tax imposes a state use tax "[u]pon the first instance of use . . . within this state of tangible personal property purchased at retail outside [the] state. . . ." Accordingly, a corresponding local use tax may be imposed under the applicable local taxing provisions for the first instance of use within the local taxing jurisdiction of tangible personal property purchased at retail outside the local taxing jurisdiction.[1]

Similarly, when the legislature provided in OCGA §§ 48-8-82 and 48-8-110 that "[n]o item or transaction which is not subject to taxation by [the state sales and use tax] shall be subject to the tax levied pursuant to [the local sales and use tax provisions]," the clear legislative intent was to restrict taxation under the local sales and use tax statutes to the same types of "item[s] and transaction[s]" defined as subject to taxation by the state sales and use tax provisions.[2] Since the items of construction equipment at issue are a type of tangible personal property, the use of which may be subject to state use tax, they are items, which upon a corresponding local use, are subject to

---

[1] Given the numerous local jurisdictions which could impose this tax on the same item of property for the first use of such property in the local jurisdictions, the legislature placed a two percent ceiling on the imposition of local sales and use taxes. OCGA § 48-8-6 (b).

[2] The restriction is subject to the exception that, as further provided in OCGA §§ 48-8-82 and 48-8-110 (and the applicable MARTA sales and use tax provisions (Ga. L. 1980, pp. 3831, 3834-3835)), the local sales and use taxes "shall [be applied] to sales of motor fuels as that term is defined by Code Section 48-9-2."

local use taxes.[3]

When the state and local sales and use tax laws are viewed in relation to one another, it is clear that the legislature intended to create local taxes generally corresponding in substance to the state taxes, but independently imposed, apart from imposition of the state taxes, by the local taxing jurisdictions. Accordingly, the superior court erred by granting summary judgment to Matthews on the basis that, because no state use tax was due on the construction equipment at issue, no local use tax could be imposed.

2. Even though a local use tax could be imposed, Matthews raised other grounds in support of its motion for summary judgment including claims that the assessed tax was fully set-off by a credit due for payment previously made on other local sales and use taxes and that the amount due was improperly calculated and based on faulty assumptions as to the use and value of the equipment at issue. The Commissioner also contends he was entitled to summary judgment on these issues. Although the superior court did not address these additional issues in its summary judgment order, we will consider whether the trial court's determination was correct, although for the wrong reason. *Miller Grading Contractors v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442) (1981). We conclude that genuine issues of fact remain as to issues not addressed by the trial court which would preclude the grant of summary judgment to Matthews or the Commissioner. Accordingly, the trial court's order cancelling and setting aside the tax assessment is reversed; the grant of summary judgment in favor of Matthews is reversed; the denial of summary judgment to the Commissioner is affirmed, and the case is remanded to the trial court for further consideration.

*Judgment affirmed in part; reversed in part, and remanded. Beasley, P. J., and Johnson, J., concur.*

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — 

*Michael J. Bowers, Attorney General, Daniel M. Formby, David*

---

[3] We find no merit in Matthews' argument that imposition of the local use taxes at issue is barred by OCGA § 48-8-93. That Code section deals with local sales taxes, not local use taxes. It limits imposition of the local sales tax authorized under OCGA § 48-8-82 to the local taxing jurisdiction where the property sold was ordered by and delivered to the purchaser, regardless of the fact that, because of some other aspect of the sale, title to the property passed at another place. Even if the bulk of the equipment was purchased by Matthews in Cobb County, which did not impose a local sales and use tax under OCGA § 48-8-82, such equipment would still be subject to local use taxes imposed by other counties for the first use of the equipment in those counties.

*A. Runnion, Senior Assistant Attorneys General,* for appellant.
 *Kilpatrick & Cody, G. William Austin III, Rebekah G. Strickland,* for appellee.
 *Bruce L. Bromberg, Walter E. Sumner, Susan M. Pruett,* amici curiae.