S94G1300. C. W. MATTHEWS CONTRACTING COMPANY
v. COLLINS.
(457 SE2d 171)

SEARS, Justice.

The Georgia Code authorizes a four percent state sales and use tax and a one percent joint county and municipal sales and use tax ("local option tax") upon certain transactions.[1] The taxpayer in this case, C. W. Matthews Contracting Company ("Matthews"), purchased certain equipment in Cobb County and paid the state sales and use tax there. Later, Matthews used the equipment in other Georgia counties. The issue before us is whether OCGA § 48-8-82 prohibits the State Revenue Commissioner from assessing a local option tax on Matthews's use of the equipment in other counties, where the use created no state tax obligation. Relying on that Code section's provision that a transaction "not subject to" the state tax may not be subject to the local option tax, Matthews argues that the assessment is not authorized. Construing § 48-8-82 together with the other statutes on the same subject matter, however, we conclude that the legislature did not intend to prohibit the local option tax under these circumstances.

Section 48-8-82 defines the counties' and municipalities' authority to impose the local option tax:

Except as to rate, the joint tax shall correspond to the tax imposed and administered by Article 1 of this chapter. *No item or transaction which is not subject to taxation by Article 1 of this chapter shall be subject to the tax levied pursu-*

---

[1] See OCGA §§ 48-8-1 through 48-8-66 (Art. 1); OCGA §§ 48-8-80 through 48-8-95 (Art. 2). Each tax may be imposed on the retail purchase, retail sale, rental, storage, use, and consumption of tangible personal property and related services. OCGA § 48-8-3.

*ant to this article,* except that the joint tax provided in this article shall be applicable to sales of motor fuels as that term is defined by Code Section 48-9-2.

(Emphasis supplied.)

The trial court relied on the highlighted language in concluding that § 48-8-82 bars local option taxes where the taxed transaction creates no state sales and use tax obligation. The trial court reasoned that because Matthews actually incurred no state sales and use tax by using the equipment in other counties, having paid the state tax when it purchased the equipment in Cobb County, there was nothing with which a local option tax could "correspond" under § 48-8-82. The Court of Appeals reversed,[2] holding that the legislative intent of § 48-8-82 was to restrict the local tax to the same types of items and transactions defined as subject to the state tax, and not to limit the imposition of local tax to those instances in which the state tax must actually be paid.[3] We agree with the Court of Appeals.

1. The Court of Appeals' interpretation of § 48-8-82 is mandated when that Code section is read and considered together with the related statutes in the remainder of Chapter 8 of Title 48.[4] Nowhere does Article 2 of Chapter 8, the local option tax article, itself define the type of item or transaction upon which the local tax may be imposed, or set forth when a qualified item or transaction may be taxed. The legislature clearly relied on Article 1 of Chapter 8, the state sales and use tax article, to fill these gaps by stating in § 48-8-82 that a local option tax must "correspond" to the state sales and use tax, and by providing in § 48-8-87 that a local option tax is to be administered and collected "in the same manner and subject to the same applicable provisions, procedures, and penalties provided in Article 1."[5]

Consistently, by stating that a taxing authority may not impose a local option tax upon "any item or transaction not subject to taxation under Article 1,"[6] the legislature simply incorporated into Article 2

---

[2] *Collins v. C. W. Matthews Contracting Co.,* 213 Ga. App. 109 (444 SE2d 100) (1994).

[3] *C. W. Matthews Contracting Co.,* 213 Ga. App. at 111. The Court of Appeals encompassed in its decision language in OCGA § 48-8-110 (authorizing a special county one percent sales and use tax) and in the MARTA sales and use tax, see MARTA Act of 1965 (as amended in Ga. L. 1971, p. 2082), which is similar to that in § 48-8-82. However, since the assessment at issue in this case is for local option taxes only, we limit our analysis to § 48-8-82.

[4] See *Pafford v. Biomet,* 264 Ga. 540 (448 SE2d 347) (1994). ("[S]tatutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together and harmonized whenever possible . . . . [Cit.]" Id. at 542.)

[5] Article 1 provides relevant definitions, OCGA § 48-8-2, and sets forth the time for assessment, OCGA § 48-8-64.

[6] OCGA § 48-8-82.

the many exemptions to the state tax expressed in Article 1.[7] The statement in § 48-8-82 that the local option tax applies to sales of motor fuels, an item Article 1 expressly exempts,[8] also evidences this intent.

Further, the trial court directly contradicted OCGA § 48-8-90. Under the trial court's interpretation, only the county where the taxpayer purchased the subject property could ever impose a local option tax, because the state would assess the one-time state sales and use tax in that county alone. Section 48-8-90, however, clearly contemplates that more than one local taxing jurisdiction may impose a local option tax by permitting a taxpayer to credit the amount of local option tax paid in one jurisdiction against the subsequent imposition of a local option tax on that same property by another jurisdiction.[9]

2. Matthews also contends that the Court of Appeals erred in holding that the tax in this case is not barred by OCGA § 48-8-93,[10] which exempts retail sales under certain conditions from the local option tax. This contention has no merit, as nothing in § 48-8-93 affects the authority to impose the local option tax 0n other taxable transactions, such as use, which is the transaction at issue in this appeal.[11]

3. Matthews further argues that the Court of Appeals decision conflicts with *C. W. Matthews Contracting Co. v. Collins*[12] and *Collins v. Lunda Constr. Co.*,[13] wherein the Court of Appeals ordered refunds under OCGA § 50-17-29 (e) of local sales and use taxes collected in connection with highway construction performed by the taxpayer for the State Department of Transportation. In this case, however, Matthews does not contend that the assessment was based on work performed for the state, and § 50-17-29 (e) does not apply.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1995 —
RECONSIDERATION DENIED JUNE 8, 1995.

*Kilpatrick & Cody, G. William Austin III, Rebekah G. Strickland,* for appellant.

*Michael J. Bowers, Attorney General, David A. Runnion, Daniel M. Formby, Senior Assistant Attorneys General,* for appellee.

---

[7] See OCGA §§ 48-8-3 (1)-(55); 48-8-4; 48-8-5.

[8] See OCGA § 48-8-3.1.

[9] The credit provided by § 48-8-90 does not affect Matthews's tax liability in this case because Matthews paid no local option tax in Cobb County.

[10] See *C. W. Matthews Contracting Co.*, 213 Ga. App. at 112, n. 3.

[11] See n. 1, supra, listing the taxable transactions covered by the statutory scheme.

[12] 214 Ga. App. 532 (448 SE2d 234) (1994).

[13] 214 Ga. App. 512 (448 SE2d 236) (1994).

*Bruce L. Bromberg, Walter E. Sumner, Susan M. Pruett, James F. Grubiak,* amici curiae.