A95A2125. THE STATE v. NIX.
(469 SE2d 497)

ANDREWS, Judge.

The State appeals the trial court's order granting Roy Gene Nix's special demurrer to Counts 1, 3 and 4 of the Accusation against him. Nix was charged with two counts of vehicular homicide and three counts of failure to yield right of way. The trial court struck one count of vehicular homicide and two counts of failure to yield right of way. We affirm.

The charges against Nix arose from a traffic accident in which Nix, turning left from the middle of an intersection, struck a car coming from the opposite direction. The first count of the Accusation charged Nix with vehicular homicide due to failure to yield the right of way as required by OCGA §§ 40-6-21 and 40-6-1. Count 2 charged

---

[1] It was later closed up.

Nix with vehicular homicide due to failure to yield the right of way as required by OCGA §§ 40-6-71 and 40-6-1. Count 3 charged failure to yield the right of way in violation of OCGA §§ 40-6-21 (a) (1) (A) and 40-6-1. Count 4 charged failure to yield the right of way in violation of OCGA §§ 40-6-21 (a) (1) (B) and 40-6-1. Count 5 charged failure to yield the right of way in violation of OCGA §§ 40-6-71 and 40-6-1.

The three counts struck by the trial court were the three that alleged violations of OCGA §§ 40-6-21 and 40-6-1. The trial court found that OCGA § 40-6-21 defined the meaning given to highway traffic signal indications but did not define any violation of the law. The court also found that OCGA § 40-6-1 did not set out any specific violation, but merely stated that, unless otherwise provided for, it was a misdemeanor to violate any provisions of the Chapter.

1. OCGA § 40-6-21 is titled "Meaning of traffic signals." Subpart (a) (1) states: "[g]reen indications shall have the following meanings. . . ." Subpart (A) describes procedures when traffic is faced with a "CIRCULAR GREEN" and subpart (B) gives directions to drivers when faced with a "GREEN ARROW."

The State claims the language in OCGA § 40-6-21 (a) (1) (A) and (B) which provides vehicular traffic "shall yield" the right of way, does define a violation of the law. The State contends that this language in OCGA § 40-6-21, when coupled with OCGA § 40-6-1, makes failure to yield a misdemeanor. OCGA § 40-6-1 states: "[i]t is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter."

In resolving this issue, we look to the literal language of the statute, the rules of statutory construction and rules of reason and logic, the most important of which is to construe the statute so as to give effect to the legislature's intent. *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885, 888 (300 SE2d 166) (1982). "[W]here the literal language . . . does not square with reason or intent, then the literal must yield." Id. Further, Code sections must be construed so as to make all the parts harmonize with each other. *Cedartown Nursing Home v. Dunn,* 174 Ga. App. 720, 726 (330 SE2d 905) (1985). "While statutes in pari materia may not be resorted to where the language of the statute under consideration is clear, it is equally as well settled that, where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part." (Citations and punctuation omitted.) *Collins v. C. W. Matthews Contracting Co.,* 213 Ga. App. 109, 110 (444 SE2d 100) (1994).

Thus, in looking at Chapter 6, Uniform Rules of the Road, it is

apparent that, in OCGA § 40-6-20, titled "Obedience to traffic-control devices required; presumptions," the legislature intended to make it an offense to disobey a traffic signal, and, in OCGA § 40-6-21, titled "Meaning of traffic signals," the legislature intended to define the meanings to be given to the traffic control signals. We decline to apply the strained construction urged by the state which would require us to find that the legislature intended to make the offense of failure to yield the right of way chargeable under both Code sections. In addition, we note that, in the caption to Chapter 6 of Title 40, as amended in 1995, the stated purpose in relation to the amending of OCGA § 40-6-21 is "to change the provisions relating to the meaning of traffic signals; . . ." Ga. Laws 1995, p. 229. As the caption of the act is an index to the contents of the statute as construed by the legislature itself, *Wimberly v. Ga. Southern &c. R. Co.*, 5 Ga. App. 263, 265 (2) (63 SE 29) (1908), this supports our conclusion that the legislature intended OCGA § 40-6-21 to be a definitional section only.

Further, the case law cited by the State in support of its proposition that this Court has recognized a distinction between OCGA § 40-6-20 and OCGA § 40-6-21 does not demand a different result. Three of the cases involve charges under both OCGA § 40-6-20 and OCGA § 40-6-21 and two of the cases have charges only under OCGA § 40-6-20. The one case cited which discusses only OCGA § 40-6-21 does so in the context of jury charges, and does not apply.

Therefore, we find that, while there is language under both subparts (A) and (B) of OCGA § 40-6-21 which states that vehicular traffic "shall yield," this literal language does not square with the stated and obvious intent of the Code section. Further, in looking at OCGA § 40-6-20, we note that this section *does* require drivers to obey the instructions of traffic control devices, and, therefore, can be the basis for a charge of vehicular homicide or failure to yield the right of way.

2. In addition, we find OCGA § 40-6-1 cannot be the sole basis for a charge in the Accusation, because, as the trial court correctly found, it does not set out any proscribed conduct, but instead, specifies the penalty for a violation of any of the provisions in this Chapter which do not provide their own penalty. Accordingly, we find no error in the trial court's granting of Nix's special demurrer as to Counts 1, 3 and 4.

3. The State also contends the trial court erred in granting the demurrer to these counts because OCGA § 40-6-393 (b) provides that a violation of any provision of Title 40, other than those enumerated in OCGA § 40-6-393 (a) may form the basis of misdemeanor vehicular homicide. But, implicit in that directive is the requirement that the provision set forth a specific violation. Since we find that OCGA § 40-6-21 does not set out a violation, it cannot form the basis for misdemeanor vehicular homicide under OCGA § 40-6-393 (b). This enumer-

ation of error is without merit.

4. In light of our holding in Division 1, we do not address the remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1996 —
RECONSIDERATION DENIED MARCH 14, 1996 —

*Kenneth W. Mauldin, Solicitor*, for appellant.
*Drew, Eckl & Farnham, Mary H. Hines*, for appellee.