## A10A1647. GRIMES v. CATOOSA COUNTY SHERIFF'S OFFICE et al.
### (705 SE2d 670)

MILLER, Chief Judge.

The Catoosa County Sheriff's Office, acting on the direction of the district attorney, refused James Michael Grimes's request to expunge his criminal record. Grimes appealed the Sheriff's Office's decision to the Superior Court of Catoosa County. The trial court dismissed Grimes's appeal on the ground that Grimes had been indicted and was therefore not entitled to have his records expunged. We granted Grimes's application for leave to appeal the trial court's order. Grimes claims that the trial court erred (i) in dismissing his appeal on the ground that he had been indicted and (ii) in denying him a de novo hearing thereon. We agree with Grimes that he had the right to seek expungement of his records notwithstanding the fact that he was indicted before the charge against him was nolle prossed. Accordingly, we reverse and remand with direction.

1. Grimes's appeal to the superior court was pursuant to OCGA § 35-3-37 (d) (6). Appeals thereunder are as provided in OCGA § 50-13-19, which addresses judicial review of administrative decisions. "When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." (Citation and punctuation omitted.) *The Lamar Co., LLC v. Whiteway Neon-Ad*, 303 Ga. App. 495, 498 (693 SE2d 848) (2010). Our review as to conclusions of law, which are at issue here, is de novo. Id.

The record shows that Grimes submitted a request to the Sheriff's Office seeking expungement of his record in Criminal

Action No. 2005 CR 289.[1] The charges in that action had been ordered nolle prossed. The Sheriff's Office declined to expunge Grimes's records and informed him that his request had been denied by the district attorney. Pursuant to OCGA § 35-3-37 (d) (6), Grimes appealed the Sheriff's Office's decision to the Superior Court of Catoosa County. The matter came before the trial court for a hearing, at which time the district attorney's office moved for dismissal of Grimes's appeal on the ground that an indictment had been issued and Grimes was therefore barred from having his records expunged. The trial court adjourned the hearing to take the motion under advisement and, upon determining that Grimes "was indicted and as such is not entitled to have his records expunged," subsequently dismissed the appeal.

Grimes contends that the trial court's order must be reversed because the charges against him were nolle prossed and the fact of his indictment did not preclude the expungement of his records. The State responds that Grimes was not entitled to have his records expunged as of right under OCGA § 35-3-37 (d), and therefore the trial court did not err in dismissing the appeal.

The resolution of this issue requires that we construe OCGA § 35-3-37 (d). In doing so, "we look to the literal language of the statute, the rules of statutory construction and rules of reason and logic, the most important of which is to construe the statute so as to give effect to the legislature's intent." (Citation omitted.) *State v. Nix*, 220 Ga. App. 651, 652 (1) (469 SE2d 497) (1996). "In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a).

OCGA § 35-3-37 (d) addresses requests for expungement of criminal records by individuals (i) who were arrested and released without referral of the charge to the prosecuting attorney, or, if referred, the charge was dismissed without indictment or accusation, or (ii) who were indicted or accused, but the charge was thereafter nolle prossed, dead docketed, or otherwise dismissed. OCGA § 35-3-37 (d) (1), (9). In such cases, a copy of the individual's request for expungement must be provided by the agency to the proper prosecuting attorney for review. OCGA § 35-3-37 (d) (2), (9). Pursuant to OCGA § 35-3-37 (d) (3), an individual has a right to have his records expunged if "the prosecuting attorney determines" that certain requirements are met, notably that the charge was dismissed without the prosecutor having sought an indictment or filing an accusation. See OCGA § 35-3-37 (d) (1) (A), (B); (3) (A). "After the

---

[1] We cannot determine the nature of the underlying charge from the appellate record.

filing of an indictment or an accusation, a record shall *not* be expunged if the prosecuting attorney shows that the charges were nolle prossed, dead docketed, or otherwise dismissed" for any of the reasons set forth in OCGA § 35-3-37 (d) (7) (A) through (G). (Emphasis supplied.) OCGA § 35-3-37 (d) (7).[2]

Pertinent to Grimes's case, OCGA § 35-3-37 (d) (9) provides:

> An individual who has been indicted or charged by accusation that was subsequently dismissed, dead docketed, or nolle prossed may request an expungement as provided by paragraphs (1) through (3) of this subsection; provided, however, that if the prosecuting attorney objects to the expungement request within 60 days after receiving a copy of said request from the agency, the agency shall decline to expunge and the individual shall have the right to appeal as provided by paragraph (6) of this subsection.

In view of the foregoing, we can only agree with the State's statutory construction supporting dismissal of Grimes's appeal if we ignore substantial portions of OCGA § 35-3-37 (d). This we decline to do. "All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language." (Citations and punctuation omitted.) *Colonial Life &c. Ins. Co. v. Heveder*, 274 Ga. App. 377, 379 (618 SE2d 39) (2005). We agree with the State that an individual is only entitled to expungement of his or her criminal records as of right if, among other requirements, he has not been indicted. See OCGA § 35-3-37 (d) (1), (3). On the other hand, OCGA § 35-3-37 (d) (9) provides that an individual may request expungement of his records if an indictment or accusation has been issued, but was subsequently

---

[2] [A] record shall not be expunged if the prosecuting attorney shows that the charges were nolle prossed, dead docketed, or otherwise dismissed because: (A) Of a plea agreement resulting in a conviction for an offense arising out of the same underlying transaction or occurrence as the conviction; (B) The government was barred from introducing material evidence against the individual on legal grounds including but not limited to the grant of a motion to suppress or motion in limine; (C) A material witness refused to testify or was unavailable to testify against the individual unless such witness refused to testify based on his or her statutory right to do so; (D) The individual was incarcerated on other criminal charges and the prosecuting attorney elected not to prosecute for reasons of judicial economy; (E) The individual successfully completed a pretrial diversion program, the terms of which did not specifically provide for expungement of the arrest record; (F) The conduct which resulted in the arrest of the individual was part of a pattern of criminal activity which was prosecuted in another court of this state, the United States, another state, or foreign nation; or (G) The individual had diplomatic, consular, or similar immunity or inviolability from arrest or prosecution. OCGA § 35-3-37 (d) (7).

dismissed, dead docketed, or nolle prossed. This necessarily contemplates that Grimes's request for expungement could have been properly granted by the Sheriff's Office had the district attorney not objected to the request. With respect to charges nolle prossed, dead docketed or otherwise dismissed after the filing of an indictment and accusation, the proper grounds of such an objection are set forth in OCGA § 35-3-37 (d) (7).

In addition, the State's position is inconsistent with OCGA § 35-3-37 (d) (6), which is the right of appeal referenced in OCGA § 35-3-37 (d) (9). OCGA § 35-3-37 (d) (6) expressly provides that in an appeal thereunder, "[a] decision of the agency [declining to expunge] shall be upheld *only* if it is determined by clear and convincing evidence that the individual did not meet the criteria set forth in paragraph (3) of this subsection or subparagraphs (A) through (G) of paragraph (7) of this subsection." (Emphasis supplied.) Although this provision is somewhat convoluted, we conclude that unless the trial court determines that clear and convincing evidence of record shows that the individual was not entitled to expungement as of right under OCGA § 35-3-37 (d) (3), or, following an indictment or accusation, the charges were nolle prossed, dead docketed, or dismissed for a reason set forth in OCGA § 35-3-37 (d) (7) (A) through (G), the agency's refusal to expunge cannot be affirmed.

In light of the foregoing provisions, we find that the trial court erred in dismissing Grimes's appeal. The record shows that Grimes was indicted but that the charges were nolle prossed. By the terms of OCGA § 35-3-37 (d) (9) Grimes was therefore permitted to request that his records be expunged. Under that same provision, however, the Sheriff's Office was required to deny Grimes's expungement request because the district attorney objected thereto. Grimes's recourse was to appeal under OCGA § 35-3-37 (d) (6), but the trial court dismissed Grimes's appeal without making the determination required thereby. We therefore reverse and remand the case to the trial court for that purpose.

2. We disagree with Grimes that the trial court was required to conduct a de novo hearing to consider his appeal. Although OCGA § 35-3-37 (c) contemplates such a procedure, Grimes's appeal was taken under OCGA § 35-3-37 (d) (6). By its express provisions, an appeal under OCGA § 35-3-37 (d) (6) is as provided in OCGA § 50-13-19. In such case, "[t]he review shall be conducted by the court without a jury and shall be confined to the record. . . . The court, upon request, shall hear oral argument and receive written briefs." OCGA § 50-13-19 (g).

*Judgment reversed and case remanded with direction. Phipps, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 17, 2010.

*Townley & Lindsay, Thomas F. Lindsay*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Melissa A. Pittman, Assistant District Attorney, Christopher C. Young*, for appellees.