[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11176
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03281-TWT

JOHN COUREMBIS, individually and
as Executor of the Estate of
Dorothy C. Courembis,

Plaintiff-Appellant,

versus

UNITED OF OMAHA LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 15, 2012)

Before TJOFLAT, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

In this diversity appeal, the district court granted defendant-appellee United of Omaha Life Insurance Company's (United), motion to dismiss the complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). It did so on the basis that plaintiff-appellant John C. Courembis (Courembis) had not pled a plausible breach of contract claim under Georgia law.

In 1999, Beverly Harden (Harden) applied for a $1,000,000 life insurance policy with United, insuring the life of Dorothy C. Courembis (Dorothy), mother of Courembis.[1] On the application, the sole beneficiary of the policy is designated as "Beverly C. Harden - Trustee for the Dorthy C. Courembis Irrevocable Trust," with a stated relationship as "Trustee." The policy was issued to Harden, as trustee.

From 1999, until her death in 2008, Dorothy funded the trust, and Harden, as trustee, made annual premium payments to United of approximately $75,000 per year. Upon Dorothy's death, Harden, as trustee, in her capacity as beneficiary of the life insurance policy upon Dorothy's life, submitted a claim under the policy. United paid the claim by issuing a check to "Beverly Harden, trustee of

---

[1] Courembis is the executor of his mother's, Dorothy, estate.

2

the Dorothy C. Courembis Trust."[2]  Courembis claims that Harden absconded with the $997,814.80, in policy benefits.[3]  Under the terms of the irrevocable trust, Courembis was entitled to receive half of the amount.

The district court found that the facts of the complaint, construed as true, did not state a claim for relief, therefore United did not breach the insurance contract.[4]  United paid the proceeds to Harden, as trustee, the named beneficiary under the policy, the correct payee under the terms of the life insurance policy.  In so doing, the district court found that United properly discharged its duties as required by statute.  O.C.G.A. § 33-24-41.  We agree.

Georgia law provides that, once the insurer pays the person designated in the policy as being entitled to the proceeds, the insurer is discharged from all claims under the policy.  O.C.G.A. § 33-24-41; *see also Colonial Life & Accident Ins. Co. v. Heveder*, 274 Ga. App. 377, 379 (2005).  In addition, United did not receive notice, before paying Harden, that some other beneficiary should receive

---

[2]  Harden was the trustee of two trusts established by Dorothy: a living trust and an irrevocable trust.  United's check did not specify which trust was the recipient.

[3]  Courembis has filed a separate, ongoing suit against Harden under O.C.G.A. § 53-12-302, alleging that Harden did not discharge her duties as trustee after United issued payment.

[4]  The district court also dismissed Courembis' bad faith claim against United under O.C.G.A § 33-4-6, on the ground that United had discharged its duties under the policy.  Courembis' motion for summary judgment was denied as moot.

3

payment; United had no duty to foresee that Harden would abscond with the proceeds. *Id*. at 379-80.

We have reviewed the record in this appeal, the briefs and the arguments of counsel. Finding no error, we affirm the judgment of the district court.

AFFIRMED.