**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DILLARD, P.J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 22, 2021**

# In the Court of Appeals of Georgia

A20A2082. EMERY v. GUARANTEE TRUST LIFE INSURANCE COMPANY

PHIPPS, Senior Appellate Judge.

Sarah Emery appeals from the trial court's grant of summary judgment in favor of Guarantee Trust Life Insurance Company ("GTL"). Upon the death of Emery's grandfather, Donald Usher ("Donald"), GTL paid the death benefit of a life insurance policy insuring Donald's life to Gayle Usher ("Gayle"), Donald's wife. Emery maintains that she is the rightful owner and the beneficiary of the policy because prior to Donald's death, her signature was forged on a policy service form changing ownership and beneficiary of the policy from Emery to Gayle. The trial court concluded that because GTL paid the beneficiary named in its file, it complied with applicable law and is therefore insulated from liability. On appeal, Emery argues that

GTL should have paid the benefit to her because her signature was forged on the change of policy form, and therefore she remained the rightful owner and beneficiary under the policy. We disagree with Emery's contentions and affirm the trial court's grant of summary judgment.

"In determining whether the trial court properly granted summary judgment, we review the record evidence de novo to determine whether that evidence, with all inferences construed in [Emery's] favor, showed as a matter of law that [GTL] was entitled to summary judgment." *Avery v. Cleveland Avenue Motel, Inc.*, 239 Ga. App. 644, 644 (521 SE2d 668) (1999) (citation omitted).

So viewed, the record shows that on October 15, 2010, GTL issued a life insurance policy to Donald. In 2015, Emery became the sole beneficiary and owner of the policy.

In August 2016, about a month prior to Donald's death, Gayle called GTL and inquired about the policy. Initially, GTL informed Gayle that it could not discuss the policy with her without the owner's permission. Despite not seeking Emery's permission to discuss the policy with Gayle, on August 25, 2016, GTL faxed and e-mailed policy owner and beneficiary change forms to Gayle.

When GTL received the forms back from Gayle, it was missing a page requiring the signatures of both Emery and Gayle. GTL notified both Gayle and Emery that it could not process the change of policy form because it did not contain their signatures. Emery did not respond to GTL's communication. Gayle responded that she had retained a copy of the signature page, and faxed it to GTL; the fax bore the purported signatures of Gayle and Emery. On August 31, 2016, GTL updated its records to reflect that Gayle was the new owner and beneficiary under the policy. Donald passed away on September 9, 2016, and On October 15, 2016, GTL paid the proceeds of the policy to Gayle. In October 2017, Emery notified GTL for the first time that she disputed Gayle's entitlement to the death benefit.

Ultimately, Emery filed suit against GTL alleging bad faith failure to perform under an insurance contract, breach of contract, and negligence. After a hearing, the trial court granted GTL's motion for summary judgment.[1] This appeal followed.

---

[1] During the litigation below, the trial court ordered that Gayle be added to the case as a third party defendant. Pursuant to that order, Emery filed an amended complaint alleging tortious interference with contract, forgery, and bad faith against Gayle. As far as the record shows, those claims remain unresolved and we make no comment on them in this opinion.

Emery argues that the trial court erred by finding that GTL paid the benefits to Gayle in accordance with the terms of the policy as contemplated by OCGA § 33-24-41. We disagree.

Under OCGA § 33-24-41,

[w]henever the proceeds of or payments under a life . . . insurance policy or annuity contract become payable in accordance with the terms of the policy or contract or the exercise of any right or privilege under the policy or contract and the insurer makes payment of the proceeds or payments in accordance with the terms of the policy or contract or in accordance with any written assignment of the policy or contract, the person then designated in the policy or contract or by the assignment as being entitled to the proceeds or payments, if legally competent, shall be entitled to receive the proceeds or payments and to give full acquittance for the proceeds or payments and the payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that the other person claims to be entitled to the payment or some interest in the policy or contract.

Emery asserts that her claims are not precluded by OCGA § 33-24-41. According to Emery, GTL did not pay the benefit to the "person then designated in the policy" because the allegedly forged change of policy form was void — Emery was still the rightful owner and beneficiary under the policy. Emery does not dispute,

4

however, that a change of policy form was in fact executed prior to Donald's death. Georgia law does not impose a duty upon insurance companies to investigate and determine if a person fraudulently completes and submits a change of policy form. See *Courembis v. United of Omaha Life Ins. Co.*, 486 Fed.Appx. 843, 845 (11th Cir. 2012) ("Georgia law provides that, once the insurer pays the person designated in the policy as being entitled to the proceeds, the insurer is discharged from all claims under the policy."). See also *Colonial Life & Acc. Ins. Co. v. Heveder*, 274 Ga. App. 377, 379 (618 SE2d 39) (2005) ("[T]he plain meaning of [OCGA § 33-24-41] is clear. It discharges the insurer from liability unless, before payment is made, the insurer receives written notice by or on behalf of another claimant to the policy proceeds.").

> The Alabama Supreme Court reached a similar result in [*Fortis Benefits Ins. Co. v. Pinkley,* 926 So2d 981 (Ala. 2005)], construing the virtually identical provision of § 27-14-24, Ala.Code 1975. While a decision by a court of another state is in no way binding on the courts of Georgia, we may adopt its reasoning if we find it sound and persuasive. In this case, we find the reasoning of the Alabama Supreme Court sound and in accord with our interpretation of the similar Georgia statute.

*Colonial Life & Acc. Ins. Co.,* 274 Ga. App. at 379 (citation omitted).

In *Fortis Benefits Ins. Co.*, the Alabama Supreme Court held that Alabama's statute — which is nearly identical to OCGA § 33-24-41 — did "not cast upon the

insurer a duty to investigate and discover whether a change of beneficiary has been procured by forgery, and that where an insurer in good faith pays life-insurance benefits in reliance on a forged change-of-beneficiary request form, which appears regular in all respects, the insurer is fully discharged 'from all claims under the policy or contract.'" *Fortis Benefits Ins. Co.*, 926 So2d at 989. The *Fortis Benefits Ins. Co.* Court also concluded that under the statute, whenever "an event triggers the insurer's duty to pay and payment is made to the person whose name *appears on the face of the policy or any change to the policy in regular form* as the proper beneficiary, payment *has been made* in accordance with the terms of the policy." Id. (emphasis in original, punctuation omitted).

Here, the trial court properly granted summary judgment to GTL. Emery did not provide notice to GTL that she had a competing claim prior to payment as required by OCGA § 33-24-41. Additionally, GTL — having no legal duty to investigate a fraudulent change of policy form — paid "the person" appearing on the face of the change of policy form. GTL is therefore discharged from liability under OCGA § 33-24-41. See *Fortis Benefits Ins. Co.*, 926 So2d at 988 ("The purpose of this statute is . . . to *protect an insurer* that pays benefits to one 'then designated' as

6

the beneficiary against a subsequent claim by one actually possessing a superior right to the benefits.").

*Judgment affirmed. McFadden, C. J., and Dillard, P.J., concur.*