JULIA FERNÁNDEZ VDA. DE ALONSO, demandante, JOSÉ J. ALONSO MORALES y OTROS, interventores, *v.* LETICIA CRUZ BATIZ y OTROS, demandados; S.M.A. LIFE ASSURANCE COMPANY, tercero demandante, *v.* PONCE FEDERAL BANK, F.S.B., tercero demandado, y LETICIA CRUZ BATIZ, peticionaria.

*Número:* CE-90-842 *Resuelto:* 6 de junio de 1991

494

*Waldemar Del Valle Armstrong,* abogado de la peticionaria; *Félix A. Toro, Jr.,* abogado del tercero demandado; *Marjorie Rivera Rodríguez, Procuradora General Auxiliar* y *Miguel A. Santana Bagur, Subprocurador General Interino,* abogados de la Procuradora Especial de Relaciones de Familia en comparecencia especial.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El Ponce Federal Bank adquirió de State Mutual Life Assurance Co. of America (S.M.A.) una póliza que aseguró la vida de José J. Alonso Fernández, ejecutivo de dicha institución. Originalmente éste designó beneficiaria a su madre Julia Fernández Vda. de Alonso. Sin embargo, después la sustituyó por su esposa Leticia Cruz Batiz.

Al morir Alonso Fernández, su madre presentó demanda en el Tribunal Superior, Sala de Ponce, contra la nueva beneficiaria y la S.M.A. Alegó que el cambio era nulo e inexistente.(1) Subsiguientemente, tres (3) hijos mayores de un matrimonio anterior de Alonso Fernández (Luis A., José J. y Odette A., de apellidos Alonso Morales) intervinieron en el litigio como codemandantes.

_____
(1) Posteriormente, State Mutual Life Assurance Co. of America (S.M.A.) presentó demanda de tercero contra el Ponce Federal Bank y, además, demanda de coparte contra Leticia Cruz Batiz.

Tras numerosos incidentes, el tribunal de instancia (Hon. Luis Muñiz Argüelles, Juez) dictó sentencia parcial en la cual aceptó el desistimiento con perjuicio de la demandante e interventores contra Leticia Cruz Batiz y S.M.A. No obstante, el pleito continuó en torno a si el monto de la póliza formaba parte del caudal relicto de Alonso Fernández. De ser en la afirmativa, los intereses de la demandada Cruz Batiz estarían encontrados con los de las dos hijas (Mitzalyn A. y Layzalís, de apellidos Alonso Cruz), habidas en el matrimonio entre ella y el causante.

Oportunamente, dicho foro determinó que la póliza formaba parte del caudal relicto. En su dictamen reconoció que, si bien anteriormente el Art. 338 del Código de Comercio disponía lo contrario —e igualmente nuestra casuística— el Art. 11.300 del Código de Seguros, 26 L.P.R.A. sec. 1130, eliminó de su *texto* la protección del beneficiario contra reclamaciones de los herederos. Interpretó esa omisión como una clara intención legislativa de no salvaguardar al beneficiario contra los reclamos de los herederos, lo que a su juicio tenía también apoyo en nuestra doctrina civilista.

A solicitud de la beneficiaria Cruz Batiz, revisamos. En síntesis, nos argumenta que el Código de Seguros es una *ley especial* cuyo propósito es permitir la libre disposición del producto de una póliza de seguro de vida. Aduce que dicho Código ampara al beneficiario de las reclamaciones de los herederos y que igual tratamiento provee la Ley de Contribuciones sobre Caudales Relictos. *Procede revocar.*

## II

■ Antes de la aprobación del Código de Seguros, la norma vigente en cuanto a las pólizas de seguros de vida estaba recogida en el Art. 338 del Código de Comercio. Disponía:

> Las cantidades que el asegurador debe entregar a la persona asegurada, en cumplimiento del contrato, serán propiedad de ésta a[u]n *contra las reclamaciones de los herederos legítimos* y acreedores de cualquiera clase del que hubiere hecho el seguro a favor de aquélla. (Énfasis suplido.) *Código de Comercio de Puerto Rico,* San

Juan, Ed. Negociado de Materiales, Imprenta y Transporte, 1932, Art. 338, pág. 108.

Dicho artículo fue derogado por el Art. 11.330 del Código de Seguros, que en lo pertinente establece que "[e]l *beneficiario, cesionario o tenedor legal de una póliza de seguro de vida . . . tendrá derecho a los beneficios y ventajas de la póliza, contra los acreedores y representantes del asegurado* y de la persona que efectuare el seguro . . .". (Énfasis suplido.) 26 L.P.R.A. sec. 1133.

Coincidimos con el foro de instancia en que el Código de Seguros no dispuso *taxativamente* que el beneficiario de la póliza estaba protegido de las reclamaciones de los herederos legítimos. También, que nuestro Código Civil establece "normas del más alto orden público en protección de los herederos forzosos". Sin embargo, no podemos perder de perspectiva que la norma anteriormente sentada por el Código de Comercio y la jurisprudencia interpretativa del mismo inmunizaba al beneficiario de este tipo de reclamaciones de los herederos forzosos. *Cádiz v. Jiménez,* 30 D.P.R. 34 (1921); *Espósito v. Guzmán,* 45 D.P.R. 796 (1933); *Asociación de Maestros v. Corte,* 66 D.P.R. 705 (1946). En consecuencia, resolvemos que el legislador —al no disponer expresamente lo contrario— quiso mantener la interpretación prevaleciente.

## III

 Esta decisión armoniza con la naturaleza del derecho concernido. El beneficiario de una póliza de seguro de vida adquiere un derecho propio que no es derivado del derecho del tomador del seguro. J. Garrigues, *Curso de Derecho Mercantil,* 8va ed. rev., Madrid, Ed. Aguirre, 1983, T. II, pág. 360. En ese sentido, "[e]l beneficiario ocupa en estos seguros una posición jurídica *singular,* sobre la cual discute vivamente la doctrina. No es parte en el contrato, pero *adquiere derechos propios, nacidos del contrato mismo* y *no derivados del contratante que le designó".* (Énfasis suplido.) R. Uría, *Derecho Mercantil,* 4ta ed., Madrid, Imp. Aguirre, 1964, pág. 561. Así concebido, forzosa es la

conclusión de que el monto de la póliza no es parte del caudal relicto, ya que el mismo no proviene de los "bienes, derechos y obligaciones" del causante —Art. 608 del Código Civil, 31 L.P.R.A. sec. 2090— sino de un negocio jurídico *independiente que confiere unos derechos particulares distintos a los reconocidos por el derecho sucesoral a los herederos legítimos del causante.*

El Prof. E. González Tejera —*Derecho. Sucesorio Puertorriqueño,* San Juan, Ramallo Bros. Printing, 1983, Vol. I, pág. 256— coincide con esta visión: "Como podrá observarse, el Código de Seguros *no altera en forma alguna la norma que prevalecía tanto en el Código de Comercio de 1886 como en el Código de Comercio de 1932. El beneficiario continúa siendo la figura central en el pago de la póliza.* No distingue la nueva redacción de la norma, si las primas se pagan con bienes gananciales o no, o si la póliza se obtuvo en detrimento de los derechos de los acreedores generales del asegurado." (Énfasis suplido.)

Por los fundamentos expuestos, *se dictará sentencia revocatoria.*