**Irene S. LOEWER, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

**No. 91–104–Civ–FtM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

Oct. 30, 1992.

See also 773 F.Supp. 1518.

Raymond L. Bass, Jr., Bass & Chernoff, Naples, Fla., for plaintiff.

Sherryll Martens Dunaj, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for defendant.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the motion of Defendant, New York Life Insurance Company's, for summary judgement pursuant to Rule 56, Fed.R.Civ.P.

This circuit clearly holds that summary judgement may only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Hayden v. First National Bank of Mount Pleasant,* 595 F.2d 994 (5th Cir.1969). Factual disputes preclude summary judgement.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgement, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

This action commenced with Plaintiff's filing of a complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County Florida on April 3, 1991. The case was subsequently removed to this Court pursuant to Defendant's notice of removal dated May 2, 1991. The complaint alleges that Defendant failed to make proper payment of the death benefits for certain life insurance policies insuring the life of Decedent, Alvin C. Loewer, Jr.

### Undisputed Facts

The Court finds that the following facts are not disputed by the parties, and holds that Defendant has met its burden of showing the absence of a genuine issue as to any material fact. Furthermore, Plaintiff has failed, to designate specific facts showing there is a genuine issue for trial in this matter. These facts form the basis of the Court's resolution of the legal issues in this case.

Decedent, Alvin C. Loewer purchased two group life insurance policies from Defendant New York Life Insurance Company (the "New York Life policies"). Change of beneficiary designations completed by Decedent in July of 1985 for the policies name the "Alvin C. Loewer Marital Trust to be Determined" as beneficiary of all policy proceeds. The Last Will and Testament of Alvin C. Loewer, dated July 4, 1985, created the Alvin C. Loewer Marital Trust (the "trust") for the benefit of Plaintiff, Irene S. Loewer. The will specified that the trust was to be funded with the proceeds of the New York Life policies. The will appointed Douglas G. Loewer and Lynn M. Loewer Paul as co-trustees of the trust. On February 11, 1986 Decedent, Alvin C. Loewer, died. Shortly thereafter, the co-trustees notified Defendant of the decedent's death, submitted proofs of claim, along with copies of the death certificate and the will, and requested payment of the proceeds of the New York Life policies. In April of 1986, Defendant made payment of the New York Life policies' proceeds by three checks payable to: "Alvin C. Loewer Marital Trust with Douglas G. Loewer and Lynn Paul as Trustees dated 7/4/85". The will was not admitted to probate in Florida at the time that payment under the policies was made.

■ In this action, Plaintiff asserts that Defendant made improper payment of the proceeds of the New York Life policies. In support of this claim Plaintiff relies on Florida Statutes, section 733.808(2) which provides, in pertinent part, that death benefits of any kind, including, but not limited to, proceeds of an individual or group life insurance policy

> [m]ay be made payable to the trustee named, or to be named, in a written instrument that is admitted to probate as the last will of the insured ... whether or not the will is in existence at the time of designation. Upon admission of the will to probate, the death benefits shall be paid to the trustee to be disposed of in accordance with the terms of the trust or trusts created by the will. Fla.Stat. section 738.802(2).

Plaintiff claims that Defendant's payment of the proceeds of the New York Life policies to the trustees of the trust prior to the admission of the will to probate was a violation of this provision. Plaintiff's argument is that section 738.808(2), by requiring that payment of policy proceeds shall be made upon admission of the will to probate, prohibits payment of proceeds prior to admission of the will to probate. Other than this argument, Plaintiff offers no authority in support of this interpretation of the statute.

■ It is a well recognized rule of statutory construction that a court should give effect to the plain meaning of a statutory provision. By its terms, Florida Statutes, section 738.808(2), establishes that death benefits may be made payable to a trust,

and sets forth a time by which payment must be made. Nothing in the language of the provision indicates that the legislature intended to prohibit payment of death benefits before such time as the will is admitted to probate. In the absence of any legislative history or case authority to the contrary, this Court holds that Defendant's payment of the death benefits for the New York Life policies to the marital trust created by the decedent's last will and testament, prior to the admission of the decedent's will to probate, did not violate Florida Statutes section 738.808(2).

■ In its motion for summary judgement, Defendant claims that under Florida law, once payment of death benefits was made in accordance with the terms of the will, it was discharged of any further liability under the policy. In support of this proposition, Defendant points to Florida Statutes, section 627.423. This section provides that

> [w]henever the proceeds or payments under a life or health insurance policy ... become payable in accordance with the terms of such policy ... and the insurer makes payment thereof in accordance with the terms of the policy ..., the person then designated in the policy ... as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefore; and *such payments shall fully discharge the insurer from all claims under the policy* ... unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment ... (emphasis supplied).

Plaintiff does not dispute that both the will and the policy designations named the trust as the beneficiary of the proceeds of both policies. Plaintiff makes no allegation that Defendant received notice that she or any other party claimed to be entitled to the proceeds of the policies before payment was made. In fact no such claim was made until Plaintiff instituted this action, long after payment was made under the policies. The undisputed facts of this case clearly indicate that Defendant made payment of the proceeds of the policies in accordance with the terms of the policies to the beneficiary designated in the policies. Thus, under Section 627.423, Defendant is fully discharged from all claims under the New York Life policies.

### Conclusion

Based on the forgoing, this Court holds that Defendant has met its burden of establishing the absence of any genuine issue of material fact, that Plaintiff has failed to designate specific facts showing there is a genuine issue for trial, and that summary judgement in this matter is properly granted.

As a matter of law, Plaintiff's claim that Defendant made improper payment of policy proceeds under Florida Statutes, section 738.808(2) must fail. Furthermore, under Florida Statutes, section 627.423 Defendant was discharged of all liability under the policies once payment of death benefits was made in accordance with the terms of the policies.

Accordingly, it is

ORDERED that Defendant's motion for summary judgement be granted. The Clerk of the Court shall enter judgement for Defendant and against Plaintiff.

DONE AND ORDERED.