**Jose PABON LUGO, et al., Plaintiff(s)**

v.

**MONY LIFE INSURANCE CO. OF AMERICA, et al., Defendant(s).**

**Civil No. 05–1668(JAG).**

United States District Court, D. Puerto Rico.

Nov. 30, 2006.

Roberto Sueiro–Del–Valle, Roberto Sueiro del Valle LLM, San Juan, PR, for Plaintiffs.

Danilo M. Eboli–Martinez, Lourdes I. Morera–Ledon, Ariel I. Rivera–Torres, Adsuar, Muniz, Goyco & Besosa PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

This matter is before the Court pursuant to cross-motions for summary judgment filed by defendant MONY Life Insurance, Co. ("MONY") on April 20th, 2006 (Docket No. 16), and by plaintiffs on May 17th, 2006. (Docket No. 25). For the reasons set forth below, the motion filed by MONY is **GRANTED,** and the motion filed by plaintiffs is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Patillas Development, S.E. ("Patillas") was constituted through Deed No. 4 of December 17th, 1999, before Notary Public Ignacio Fernandez de Lahongrais, by its four founding partners: Antonio Caban–Miranda (Caban), Jose Pabon–Lugo (Pabon), Jose Rodriguez–Julia (Rodriguez–Julia) and Manuel Santiago–Rodriguez (Santiago–Rodriguez). Caban was named managing partner of Patillas.

Through Deed No. 1 of April 26th, 2000, before the same notary public, the aforementioned partners amended Deed No. 4 in order to transfer the totality of Santiago–Rodriguez's interest in Patillas to Caban and Pabon, thereby leaving Santiago–Rodriguez with no interest or participation in Patillas. As a result of the transfer, Caban ended up with a 50% participation in the capital, assets and liabilities of Patillas, Pabon with a 30% participation, and Rodriguez–Julia with a 20% participation.

On May 7th, 2001, MONY issued Policy No. 2LT0011554 ("the Policy"), insuring Caban's life for a face value of $500,000.00. Patillas was designated as owner and ben-

---

1. The following facts are uncontested. *See* Dockets No. 17 & 26.

eficiary of the Policy. Pursuant to Section 7 of the Policy, the owner is granted the right to change the beneficiary and to assign the Policy.[2]

On March 18th, 2003, Caban submitted a change of beneficiary form to designate Francisca Miranda and Betty Caban Miranda—his mother and sister, respectively—as beneficiaries of Policy No. 2LT0011554.[3] Caban signed in the space that reads "signature of owner". (Docket No. 25-3). No other partner signed the change of beneficiary form. However, the change of beneficiary form requires the signature of a partner other than the insured when the transaction is executed on behalf of a partnership. (Docket No. 25-5).

Caban died on October 10th, 2003. MONY's records indicate that, on that date, Francisca Miranda and Betty Caban Miranda were the named beneficiaries of the Policy. On January 28th, 2004, MONY paid the proceeds of the Policy to Francisca Miranda and Betty Caban Miranda. The record shows that Pabon and Rodriguez–Julia knew of Caban's death at least since December 9th, 2003.[4] However, they did not claim the proceeds of the Policy prior to MONY's payment to Francisca Miranda and Betty Caban Miranda. It was not until June 22nd, 2004, that plaintiffs' attorney emailed the president of "The Mony Group", Manuel Roca, requesting immediate payment of the Policy.

(Docket No. 25, Exhibit # 5). The email explains that the partners of Patillas could not locate a copy of the Policy earlier. On June 23rd, 2004, Manuel Roca replied that Caban had changed the beneficiary of the policy, and that a copy of said change of beneficiary was sent to the Insurance Commissioner and to Rodriguez–Julia, the third remaining partner of Patillas. *Id.*

On June 21st, 2005, Pabon, his wife and the conjugal partnership constituted by them (collectively, "plaintiffs"), filed this complaint against MONY, alleging breach of contract and negligence.[5] Specifically, Pabon claims that MONY "materially breached" its contractual duty to notify Patillas of the beneficiary change, and that the transaction in question was executed without Patillas' consent. In light thereof, Plaintiffs request that MONY be ordered to pay them the proceeds of the Policy, cost and attorneys' fees, and any further relief as the equities of the case may require.

On April 20th, 2006, MONY moved for summary judgment, arguing that plaintiffs lack standing to sue because they were not parties to the insurance contract at issue. In the same vein, MONY avers that plaintiffs fail to prove a cause of action for breach of contract, inasmuch as its contractual relation was with Patillas, not with the plaintiffs. MONY further argues that, "because there is no privity of contract

---

2. Docket No. 14–4 at 11.

3. Each of the new beneficiaries would receive 50% of the proceeds of the Policy.

4. The record shows that on December 9th, 2003, Pabon and Rodriguez–Julia executed a public deed titled "Deed of Amendment of Agreement to Constitute a Special Limited Liability Partnership" which contains a clause that states as follows:

____ ONE: THE PARTNERS hereby have decided to liquidate the fair value of the partic-

ipation of the heirs of the decedent partner Antonio–Caban–Miranda at the time of his death, thus, they transfer title, right, action, interest, or participation that corresponds or may correspond to him in the Special Partnership transferring to said partners full dominion thereon and extending the term of the Special Partnership for one additional year, until December seventeen(17), two thousand and four (2004)_____ (Docket No. 23–4).

5. Federal jurisdiction is premised on the diversity statute. 28 U.S.C. § 1332.

between Plaintiffs and MONY," their only avenue for relief would be in tort, which MONY alleges is time-barred. (Docket No. 18 at 5). Moreover, MONY contends that this action would fail even if the Court were to go into the merits, because MONY paid the proceeds of the Policy to the named beneficiaries in accordance with Section 8 of the Policy, and thus is discharged of liability pursuant to Article 11.300 of the Insurance Code of Puerto Rico, 26 P.R. Laws Ann. § 1130. This Article provides that whenever the proceeds of a policy become payable, and the insurer makes payment thereof in accordance with the terms of the policy to the person then designated in the policy as entitled thereto, such payment discharges the insurer of all claims under the policy, unless before making such payment, the insurer receives notice of some other person claiming to be entitled to such payment.

Plaintiffs opposed MONY's motion on May 17th, 2006, alleging that they have proper authority to exercise any action that may be beneficial to Patillas, and that, as a matter of fact, plaintiffs have been authorized by Patillas to proceed with this complaint. (Docket No. 25 at 16). Nonetheless, the plaintiffs submit that were it understood that Patillas is an indispensable party to this action, the Court should grant leave to amend the complaint accordingly. *Id.*, at 17. As for the statute-of-limitations argument, the plaintiffs argue that this case stems from MONY's breach of its contractual obligations and that a 15–year limitations period is applicable. In addition, plaintiffs claim that, even if the Court were to construe the case as one in tort, they made several timely extrajudicial claims that tolled the limitations period. Plaintiffs then countermoved for summary judgment.

On June 22nd, 2006, MONY filed a Reply reasserting and further developing the arguments set forth in the Motion for Summary Judgment. (Docket No. 31). Plaintiffs filed a Sur-reply on July 11th, 2006. (Docket No.38).

The record reveals no material issues of fact and, therefore, summary adjudication is appropriate. The Court shall first address the issues that would dispose of the case without a ruling on the merits. If necessary, the Court will then address whether MONY is liable to plaintiffs because of its payment of the proceeds of the Policy to Francisca Miranda and Betty Caban–Miranda.

## STANDARD OF REVIEW

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists

that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation."

*Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

## DISCUSSION

### 1. *Real Party in Interest* [6]

MONY moves for the dismissal of this action because plaintiffs are not "the real parties in interest." (Docket No. 18 at 4). Specifically, MONY alleges that the plaintiffs were not part of the contractual relationship under the Policy, and thus "Patillas is the only possible party ... that may assert a breach of contract cause of action against MONY, if there is one." *Id.*

The plaintiffs counter that Patillas has ratified their actions, and as proof thereof, attached a "Certification of Ratification Resolution" of July 10th, 2006, in which Patillas: A) "[r]atifies the authorization granted to partner Jose Pabon Lugo to contract legal counsel to file any and all legal claim(s) necessary or convenient to collect the insurance proceeds of policy number 2LT0011554;" B) "[a]ccepts and ratifies Pabon's filing of Civil Action 05–1668 in conjunction with his wife and their conjugal partnership in Puerto Rico Federal Court;" C) "[a]cknowledges Pabon as its duly authorized agent acting on behalf of [Patillas] to commence and conduct said legal action(s) in his own name, with respect to Patillas' interest in said insurance policy;" D) "[a]grees to be bound by the results of [the present case] with full *res judicata* effect;" E) "[a]grees not to file any duplicative litigation except in the only event that [the present case is] dismissed because Pabon [is found not to be] a party in interest or without adjudication on the merits;" F) "[b]e bound to pay any and all

---

**6.** MONY labels this argument as one of lack of standing. The Court notes that this is not a standing to sue argument but rather a Rule 17(a) argument. *See* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 2d* § 1542 (comparing the concepts of real party in interest, capacity, and standing). MONY did, however, correctly make a Rule 17(a) argument in its briefs. Consequently, the Court will address the issue here.

expenses related to such action(s);" and G) "[a]grees to participate in discovery relative to said legal action in the same manner as if it were a named party to the action." (Docket No. 38, Exhibit # 4). In light of the foregoing, the plaintiffs submit that they are parties in interest. The Court agrees.

Fed.R.Civ.P. 17(a) provides, in pertinent part, that "[e]very action shall be prosecuted in the name of the real party in interest." However, the Rule also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action." Such ratification "shall have the same effect as if the action had been commenced in the name of the real party in interest." It has been held that Rule 17(a) serves the purpose of protecting defendants "from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata." See Prevor–Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Management, Inc., 620 F.2d 1, 4 (1st Cir.1980).

As illustrated above, Patillas, through the "Certification of Ratification Resolution" of July 10th, 2006, ratified the present lawsuit, authorized its continuation, and agreed to be bound by its result. The plaintiffs hence meet the requirements of Rule 17(a), and are to be considered parties in interest. Therefore, the Court need not order the formal joinder of Patillas, and, consequently, the "Motion for Leave to Amend the Complaint" filed by plaintiffs is **MOOT**. See 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 2d § 1555 at 417 ("[f]ormal joinder or substitution of the real party in interest will not

be necessary when he ratifies the commencement of the action").

In view that Patillas has effectively ratified this action and designated plaintiffs as its agents, MONY's argument regarding the lack of privity of contract between plaintiffs and MONY is no longer at issue. The Court will thus entertain the breach of contract claim.

### 2. Breach of Contract

MONY moves for summary judgment because it is allegedly discharged of liability pursuant to Article 11.300 of the Insurance Code of Puerto Rico, 26 P.R.Laws Ann. § 1130, which states as follows:

§ 1130. Payment discharges insurer

(1) Whenever the proceeds of, or payments under, a policy or contract heretofore or hereafter issued by a life or disability insurer, become payable in accordance with the terms of such policy or contract, or through the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with written assignment thereof, to the person then designated in the policy or contract or in the insurer's record or by such assignment as being entitled thereto, such payment shall fully discharge the insurer from all claims under the policy or contract, unless, before payment is made, the insurer has received at its home office, written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.

MONY asserts that, upon Caban's death, it paid the proceeds of the Policy to the persons then designated as beneficiaries, and that before making such payment, no notice was received from plaintiffs, Patillas or from anyone other than

Caban's mother and sister claiming entitlement to the proceeds.

Plaintiffs counter that only Patillas, as owner of the Policy, was authorized to change the beneficiary or to assign the Policy. Consequently, plaintiffs contend that MONY is liable for allowing Caban to change the beneficiary in contravention to its own regulations. Plaintiffs, however, do not discuss the applicability of Article 11.300, and how that article's mandate affects their contentions here.

■ Upon due consideration of the submissions of the parties, and the applicable law, the Court finds that MONY is discharged of liability pursuant to Article 11.300 of the Insurance Code of Puerto Rico. A perusal of the Policy reveals that Section 3 provides that "[i]f the Insured dies while this Policy is in force and while premiums are being paid, [MONY] will pay the proceeds to the Beneficiary." (Docket No. 17–4 at 8). Section 8, in turn, specifies that "[t]he Beneficiary is the person so named in the attached application for this Policy unless otherwise provided by endorsement." *Id.*, at 11. As for the actual requirements for payment, Section 11, captioned "[w]hat may the Company require for Policy payment?," states that

> [i]n any settlement of this Policy, by reason of death or otherwise, we may require the return of the Policy. Due proof of death or disability must be submitted to us at our Operations Center. (Docket No. 17–4).

No other requirement for payment of the proceeds is set in the Policy, and the plaintiffs do not claim that the payment was executed without observance of the foregoing provisions. Therefore, MONY has satisfactorily proved that payment was performed in accordance with the terms of the policy, to the persons then designated as entitled thereto.

Even though MONY did not comply with the requirement of procuring a signature of a partner other than the insured before executing a change of beneficiary, it nonetheless stands uncontested that MONY did notify the change of beneficiary performed by Caban to at least one of the other partners, Rodriguez–Julia, and that all the surviving partners of Patillas knew of Caban's death prior to MONY' s payment of the proceeds to Francisca Miranda and Betty Caban–Miranda. Notwithstanding the aforementioned, it was not until roughly eight months after Caban's death, and five months after the payment of the proceeds, that Patillas made a claim to MONY. That is, Patillas was in a position to object to the presumptively *ultra vires* action by Caban before his death or, at least, to file a claim with MONY shortly after his passing away. None of this happened, and MONY cannot be held liable for in good faith paying the proceeds of the Policy to the persons designated therein as beneficiaries, and without having before it a claim from a third party asserting a better right to the proceeds.

A review of the Puerto Rico case law on the matter reveals that under Article 11.300, the insurer's responsibility is limited to identifying who is the named beneficiary to a policy that becomes payable, and to withhold payment when and if a competing claimant comes forward. If the latter takes place, an insurer shall file an interpleader action in order for the competing claimants to elucidate who is legally entitled to the proceeds. *See Pilot Life Insurance. v. Crespo Martinez*, 136 D.P.R. 624, 630 (1994).[7] Once the insurer files the interpleader action, and deposits the pro-

---

7. In *Crespo Martinez*, Pilot Life Insurance Company filed an interpleader action pursuant to Article 1130 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3180, and Rule 19 of the Puerto Rico Rules of Civil Procedure.

ceeds of the policy with the court, the insurer is discharged of further liability. *Id*, at 643; *see also John Hancock Variable Life Insurance Co. v. Berrios Santiago*, 2002 TCA 3305 (2002)(where the Puerto Rico Court of Appeals upheld a lower court's ruling releasing an insurer of contract and tort liability for its negligence in not processing a change of beneficiary that was properly performed, after the insurer deposited the proceeds in court and filed an interpleader action).[8]

The Court thus must read Article 11.300 as releasing an insurer of liability when the *factual* circumstances at the time of settling a policy indicate that only a particular claimant is entitled to the proceeds and, in good faith, the insurer pays accordingly. The statute does not require the insurer to validate the named beneficiary's legal entitlement to the proceeds before making a payment, thus placing upon the competing beneficiaries the burden of coming forward with their claims. In consequence, when more than one claimant comes forward, payment to any claimant under such circumstances does not discharge the insurer from liability to the rightful claimant. *See* 4 *Couch on Insurance 3d.* § 61.11. However, when only the named beneficiary claims benefits, payment to such claimant releases the insurer of liability for any claim under the policy.

Courts from jurisdictions with statutes virtually identical to Article 11.300 have decided similar controversies in like fashion. That is, the courts have interpreted the so-called "facility of payment statutes" as affording protection to insurers that in good faith pay the proceeds of a policy to a person who by the policy is the proper recipient, "against later claims from others who might arguably have a superior right to the proceeds." *Fortis Benefits Insurance Co. v. Pinkley*, 926 So.2d 981, 988 (Ala.2005)(citing *Smooth v. Metropolitan Life Ins. Co.*, 157 So. 298, 299 (La.App. 1934))(where the court, as a matter of first impression, discharged the insurer of liability after it paid benefits based on a forged change of beneficiary form); *Colonial Life & Accident Insurance Co. v. Heveder*, 274 Ga.App. 377, 618 S.E.2d 39 (2005)(holding, as a matter of first impression, that an insurer's payment of proceeds to insured' s surviving spouse as named beneficiary discharged it from liability to insured's child who claimed conspiracy by surviving spouse and her child to murder insured, even if the insurer was on notice that death was a homicide). Further, some courts have held that the insurer is not under any duty to determine whether the change of beneficiary was procured or induced by improper means where it has no reason to believe or know that such was the case. *Fortis*, 926 So.2d at 989(citing *McNabb v. Kentucky Central Life Insurance Co.*, 631 S.W.2d 253, 255 (Tx.App. 1982).

Federal courts sitting in diversity have followed the same thread. *See e.g. Crosby v. Crosby*, 986 F.2d 79, 83 (4th Cir.1993) (holding that "an insurer is discharged from all subsequent liability when it makes good faith payments to a purported beneficiary without notice of any competing claims"); *Weed v. Equitable Life Assurance Society of the United States*, 288 F.2d 463, 464 (5th Cir.1961)(holding that, under Florida law, "payment in good faith to the beneficiary of record by the insurance company without knowledge of facts vitiating the claim will prevent a second recovery by another claimant"); *Schwartz v. Mony Group*, 2004 WL 1698675 (E.D.La.

---

8. In addition to *Crespo Martinez*, the Puerto Rico Supreme Court has addressed Article 11.300 two other times: *Gonzalez Azcuy v. Universal Solar Products, Inc.*, 2006 T.S.P.R. 18, and *Fernandez Vda. de Alonso v. Cruz Batiz*, 128 D.P.R. 493 (1991). Neither is applicable here.

2004); *Loewer v. New York Life Insurance Co.*, 805 F.Supp. 956 (M.D.Fla.1992).

In light of the foregoing, the Court finds that under Article 11.300 of the Insurance Code of Puerto Rico, the insurer is only liable when a person other than the named beneficiary claims an interest in the policy, and yet the insurer pays the proceeds to a claimant who eventually is found not to be entitled to it. Here, conversely, MONY paid the proceeds to the named beneficiaries, who also happen to be the only persons who claimed the proceeds of the Policy upon Caban's death. Absent any proof of bad faith, fraud or reckless disregard by MONY or its agents in the payment of the proceeds, the insurer must be fully discharged from all claims under the Policy.

Finally, the Court must stress that this holding is based exclusively on the mandate of Article 11.300, and in no way shall be construed as foreclosing any cause of action that plaintiffs may have against parties other than MONY.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion for Summary Judgment filed by MONY and, accordingly, **DISMISSES** all plaintiffs' claims against MONY, with prejudice. Plaintiffs' Motion for Summary Judgment is **DENIED.** All pending motions are **MOOT.** Judgment shall be entered accordingly.

IT IS SO ORDERED.